APPENDIX 1

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is made and entered into by and between, on the one hand, (i) Ralph S. Janvey, solely in his capacity as Receiver for the Receivership Estate; (ii) the Official Stanford Investors Committee (the "Committee"); and (iii) Samuel Troice, Martha Diaz, Paula Gilly-Flores, Punga Punga Financial, Ltd., Manuel Canabal, Daniel Gomez Ferreiro, and Promotora Villa Marino, C.A. (the "Investor Plaintiffs") (the Receiver, the Committee, and the Investor Plaintiffs are collectively referred to as "Plaintiffs"); and, on the other hand, (iv) Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited) ("WTW"), Willis Limited, Willis North America Inc. ("Willis NA"), Willis of Colorado, Inc. ("Willis-Colorado"), Willis of Texas, Inc. ("Willis-Texas"), and Amy S. Baranoucky ("Baranoucky") (WTW, Willis Limited, Willis NA, Willis-Colorado, and Willis-Texas are collectively referred to as the "Willis Entity Defendants" and the Willis Entity Defendants and Baranoucky are collectively referred to as the "Willis Defendants") (Plaintiffs, on the one hand, and the Willis Defendants, on the other hand, are referred to in this Agreement individually as a "Party" and together as the "Parties");

**WHEREAS,** on February 16, 2009, the Securities and Exchange Commission (the "SEC") filed Civil Action No. 3:09-cv-00298-N, *Securities and Exchange Commission v. Stanford International Bank, Ltd., et al.* (N.D. Tex.) (the "SEC Action"), alleging that Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC, and Stanford Financial Group (the "Stanford Defendants") had engaged in a fraudulent scheme affecting tens of thousands of customers from over one hundred countries;

**WHEREAS,** in an order dated February 16, 2009 in the SEC Action (ECF No. 10), the United States District Court for the Northern District of Texas assumed exclusive jurisdiction

and took possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, of the Stanford Defendants and all entities they owned or controlled (the "Receivership Assets"), and the books and records, client lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers, telephones, personal digital devices and other informational resources of or in possession of the Stanford Defendants, or issued by the Stanford Defendants and in the possession of any agent or employee of the Stanford Defendants (the "Receivership Records");

**WHEREAS,** in that same order (ECF No. 10), Ralph S. Janvey was appointed Receiver (the "Receiver") for the Receivership Assets and the Receivership Records (collectively, the "Receivership Estate"), with the full power of an equity receiver under common law, as well as such powers as are enumerated in that order, as amended by an order in that same matter, dated March 12, 2009 (ECF No. 157), and as further amended by an order entered in that same matter, dated July 19, 2010 (ECF No. 1130);

**WHEREAS**, Ralph S. Janvey has served as Receiver continuously since his appointment and continues to so serve;

**WHEREAS,** John J. Little was appointed to serve as Examiner (the "Examiner") by an order entered in the SEC Action, dated April 20, 2009 (ECF No. 322), to assist the Court in considering the interests of the worldwide investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any of the Stanford Defendants;

**WHEREAS,** John J. Little has served as Examiner continuously since his appointment and continues to so serve;

**WHEREAS,** the Committee was created pursuant to an order entered in the SEC Action, dated August 10, 2010 (ECF No. 1149), to represent the customers of Stanford International Bank, Ltd., who, as of February 16, 2009, had funds on deposit at Stanford International Bank, Ltd. and/or were holding certificates of deposit issued by Stanford International Bank, Ltd. (the "Stanford Investors");

**WHEREAS,** by that same order (ECF No. 1149), the Examiner was named as the initial Chairperson of the Committee;

**WHEREAS,** the Examiner has served as Chairperson of the Committee continuously since his appointment and continues to so serve;

**WHEREAS,** on July 2, 2009, certain of the Investor Plaintiffs filed Civil Action No. 3:09-cv-01274-L (N.D. Tex.), *Samuel Troice, Martha Diaz, Paula Gilly-Flores and Punga Punga Financial, Ltd. v. Willis of Colorado Inc., et al.* (the "Troice Litigation"), alleging, *inter alia*, that the Willis Defendants (other than Willis NA and Willis-Texas) aided and abetted violations of the Texas Securities Act (the "TSA"), participated in a fraudulent scheme and a conspiracy, were negligent and grossly negligent, negligently retained personnel, and negligently supervised personnel;

**WHEREAS,** on August 6, 2009, the remaining investor Plaintiffs filed Civil Action No. 3:09-cv-01474-D (N.D. Tex.), *Manuel Canabal, Daniel Gomez Ferrero and Promotora Villa Marino, C. A., individually and on behalf of a class of all others similarly situated v. Willis of Colorado Inc., et al.* (the "Canabal Litigation"), alleging, *inter alia*, that the Willis Defendants (other than Willis NA and Willis-Texas) aided and abetted violations of the TSA, participated in a fraudulent scheme, were negligent and grossly negligent, negligently retained personnel, and negligently supervised personnel;

3

**WHEREAS**, on December 18, 2009, the parties in the Troice Litigation and the Canabal Litigation stipulated to the consolidation of those actions (under the Troice Litigation civil action number), and, on December 31, 2009, the plaintiffs in the Canabal Litigation filed a notice of dismissal, dismissing the Canabal Litigation without prejudice;

**WHEREAS,** on October 1, 2013, the Receiver, the Committee and certain of the Investor Plaintiffs filed Civil Action No. 3:13-cv-03980-N-BG (N.D. Tex.), *Ralph S. Janvey, in his Capacity as Court-Appointed Receiver for the Stanford Receivership Estate, The Official Stanford Investors Committee, and Samuel Troice and Manuel Canabal, on their own behalf and on behalf of a class of all others similarly situated v. Willis of Colorado Inc., et al.* (the "Janvey Litigation"), alleging, *inter alia*, that the Willis Defendants (other than Willis-Texas) aided, abetted or participated in breaches of fiduciary duty, aided, abetted or participated in fraudulent transfers, were negligent and grossly negligent, negligently retained personnel, and negligently supervised personnel, and, in addition, that Willis NA aided and abetted violations of the TSA, and participated in a fraudulent scheme and a conspiracy;

**WHEREAS,** between July 2009 and August 2016, some or all of the Willis Defendants were named as defendants in 11 additional actions relating to the same subject matter as the Troice Litigation, the Canabal Litigation and the Janvey Litigation, including the actions listed on Exhibit B to this Agreement (collectively, the "Other Willis Litigation").

**WHEREAS,** the Willis Defendants each expressly deny any and all allegations of wrongdoing, fault, liability or damages whatsoever and are entering into this Agreement to avoid the burden, expense, and risks of litigation and to achieve global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and

4

any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities;

**WHEREAS,** Plaintiffs have conducted an extensive investigation into the facts and the law relating to the Troice Litigation and the Janvey Litigation, and after considering the results of that investigation and the benefits of this Settlement, as well as the burden, expense, and risks of litigation, have concluded that a settlement with the Willis Defendants under the terms set forth below is fair, reasonable, adequate, and in the best interests of Plaintiffs, the Stanford Investors, the Interested Parties, and all Persons affected by the Stanford Defendants, and have agreed to enter into the Settlement and this Agreement, and to use their best efforts to effectuate the Settlement and this Agreement;

**WHEREAS,** the Parties desire to fully, finally, and forever compromise and effect a global settlement and discharge of all claims, disputes, and issues between them upon the terms set forth herein;

**WHEREAS,** the Parties have engaged in extensive, good faith, arm's-length negotiations, including participation by representatives of the Parties in mediation with former United States District Judge Layn Phillips, leading to this Agreement;

**WHEREAS,** absent this Settlement, the Troice Litigation, the Janvey Litigation and the Other Willis Litigation would have taken years and cost the Parties millions of dollars to litigate to final judgment, appeals would likely have resulted, and the outcome would have been uncertain;

**WHEREAS,** the Examiner, both in his capacity as Chairperson of the Committee and in his capacity as the Court-appointed Examiner, participated in the negotiation of the Settlement;

**WHEREAS,** the Committee has approved this Agreement and the terms of the Settlement, as evidenced by the signature hereon of the Examiner in his capacity as Chairperson of the Committee;

**WHEREAS,** the Examiner, in his capacity as Examiner, has reviewed this Agreement and the terms of the Settlement and, as evidenced by his signature hereon, has approved this Agreement and the terms of the Settlement and will recommend that this Agreement, and the terms of the Settlement be approved by the Court and implemented;[1] and

**WHEREAS,** the Receiver has reviewed and approved this Agreement and the terms of the Settlement, as evidenced by his signature hereon;

**NOW, THEREFORE,** in consideration of the agreements, covenants and releases set forth herein and other good and valuable consideration, including but not limited to the monetary consideration recited in Paragraphs 19 and 25 below and other good and valuable consideration from each of the Willis Defendants, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

**I.**     **Agreement Date**

1.     This Agreement shall take effect once all Parties have signed the Agreement, and as of the date of execution by the last Party to sign the Agreement (the "Agreement Date").

---

[1] The Examiner has also executed this Agreement to confirm his obligation to post Notice on his website, as required herein, but is not otherwise individually a party to the Settlement, the Troice Litigation or the Janvey Litigation.

II.     **Terms Used in this Agreement**

The following terms, as used in this Agreement, the Bar Order, and the Judgment and Bar Orders, have the following meanings:

2.      "Attorneys' Fees" means those fees awarded by the Court to Plaintiffs' counsel from the Settlement Amount pursuant to the terms of the applicable engagement agreements.

3.      "Claim" means a Person's potential or asserted right to receive funds from the Receivership Estate.

4.      "Claimant" means any Person who has submitted a Claim to the Receiver or to the Joint Liquidators. Where a Claim has been transferred to a third party and such transfer has been acknowledged by the Receiver, the transferee is a Claimant, and the transferor is not a Claimant unless the transferor has retained a Claim that has not been transferred. Where the Receiver has disallowed a Claim and the disallowance has become Final, then the submission of the disallowed Claim does not make the Person who submitted it a Claimant.

5.      "Confidential Information" means the communications and discussions in connection with the negotiations that led to the Settlement and this Agreement.  Confidential Information also includes the existence and terms of the Settlement and this Agreement, but only until the filing of this Agreement and related documents with the Court.

6.      "Court" means the United States District Court for the Northern District of Texas, Judge David C. Godbey, currently presiding.

7.      "Distribution Plan" means the plan hereafter approved by the Court for the distribution of the Settlement Amount (net of any Attorneys' Fees or costs that are awarded by the Court and expenses paid by the Receiver) to Stanford Investors who, as of the date of the approval of the Distribution Plan, have had their Claims allowed by the Receiver ("Allowed Claims").

7

8.      "Final" means unmodified after the conclusion of, or expiration of any right of any Person to pursue, any and all possible forms and levels of appeal, reconsideration, or review, judicial or otherwise, including by a court or Forum of last resort, wherever located, whether automatic or discretionary, whether by appeal or otherwise.  The Bar Order and Judgment and Bar Orders, including findings under Rule 54(b) of the Federal Rules of Civil Procedure, will each become Final as set forth in this paragraph as though such orders were entered as a judgment at the end of a case, and the continuing pendency of the actions in which such Bar Order and Judgment and Bar Orders are entered shall not be construed as preventing such Bar Order and Judgment and Bar Orders  from becoming Final.

9.      "Forum" means any court, adjudicative body, tribunal, or jurisdiction, whether its nature is federal, foreign, state, administrative, regulatory, arbitral, local, or otherwise.

10.     "Hearing" means a formal proceeding in open court before the United States District Judge having jurisdiction over the Troice Litigation and the Janvey Litigation.

11.     "Interested Parties" means the Receiver, the Receivership Estate, the Committee, the members of the Committee, Plaintiffs, the Stanford Investors, the Claimants, the Examiner, or any Person or Persons alleged by the Receiver, the Committee, or other Person or entity on behalf of the Receivership Estate to be liable to the Receivership Estate, whether or not a formal proceeding has been initiated.

12.     "Joint Liquidators" means the liquidators appointed by the Eastern Caribbean Supreme Court in Antigua and Barbuda to take control of and manage the affairs and assets of Stanford International Bank, Ltd.

13.     "Notice" means a communication, in substantially the form attached hereto as Exhibit A, describing:  (a) the material terms of the Settlement; (b) the material terms of this

8

Agreement; (c) the rights and obligations of the Interested Parties with regard to the Settlement and this Agreement; (d) the deadline for the filing of objections to the Settlement, the Agreement, the Bar Order, and the Judgment and Bar Orders; and (e) the date, time and location of the Hearing to consider final approval of the Settlement, this Agreement, the Bar Order, and the Judgment and Bar Orders.

14.    "Person" means any individual, entity, governmental authority, agency or quasi-governmental person or entity, worldwide, of any type, including, without limitation, any individual, partnership, corporation, estate, limited liability company, trust, committee, fiduciary, association, proprietorship, organization, or business, regardless of location, residence, or nationality.

15.    "Plaintiffs Released Parties" means the Investor Plaintiffs, the Receiver, the Examiner, the Committee, and each of their counsel, and each of their respective past, present, and future, direct and indirect parents, subsidiaries, affiliates, related entities, divisions, partnerships, corporations, and each of its and their respective directors, officers, legal and equitable owners, shareholders, members, managers, principals, employees, associates, representatives, distributees, agents, attorneys, trustees, general and limited partners, lenders, insurers and reinsurers, executors, administrators, heirs, beneficiaries, assigns, predecessors, predecessors-in-interest, successors, and successors-in-interest.

16.    "Releasor" means any Person granting a release of any Settled Claim.

17.    "Settled Claim" means any action, cause of action, suit, liability, claim, right of action, debt, sums of money, covenants, contracts, controversies, agreements, promises, damages, contribution, indemnity, specific performance, attorney's fees and demands whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and

whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that a Releasor ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities, (ii) any certificate of deposit, depository account, or investment of any type with any one or more of the Stanford Entities, (iii) any one or more of the Willis Defendants' relationship(s) with any one or more of the Stanford Entities, (iv) the Willis Defendants' provision of services to any of the Stanford Entities, and any other acts, errors or omissions by the Willis Defendants for or related to the Stanford Entities, or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum. "Settled Claims" specifically includes, without limitation, all claims each Releasor does not know or suspect to exist in his, her, or its favor at the time of release, which, if known by that Person, might have affected their decisions with respect to this Agreement and the Settlement ("Unknown Claims"). Each Releasor expressly waives, releases, and relinquishes any and all provisions, rights, and benefits conferred by any law or principle, in the United States or elsewhere, which governs or limits the release of unknown or unsuspected claims, including, without limitation, California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Releasor acknowledges that he, she, or it may hereafter discover facts different from, or in addition to, those which such Releasor now knows or believes to be true with respect to the Settled Claims, but nonetheless agrees that this Agreement, including the releases granted herein, will remain binding and effective in all respects notwithstanding such discovery.  Unknown Claims include contingent and non-contingent claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of different or additional facts.  These provisions concerning unknown and unsuspected claims and the inclusion of Unknown Claims in the definition of Settled Claims were separately bargained for and are an essential element of this Agreement and the Settlement.

18.     "Settlement" means the agreed resolution of the Settled Claims in the manner set forth in this Agreement.

19.     "Settlement Amount" means One Hundred Twenty Million Dollars ($120,000,000) in United States currency.

20.     "Settlement Effective Date" means the date on which the last of all of the following have occurred:

a.      Approval by the Court of the Settlement and the terms of this Agreement in their entirety and without modification or limitation;

b.      entry in the SEC Action of a bar order, including findings under Rule 54(b) of the Federal Rules of Civil Procedure and in exactly the form attached hereto as Exhibit C (the "Bar Order"), with no modifications or limitations (other than immaterial modifications or limitations, with materiality to be determined by the Willis Entity Defendants in their good-faith discretion), except that the blanks in the form may be filled in as appropriate by the Court;

    c.  entry in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court) of judgment and bar orders in exactly the forms attached hereto as Exhibit D (the "Judgment and Bar Orders"), with no modifications or limitations (other than immaterial modifications or limitations, with materiality to be determined by the Willis Entity Defendants in their good-faith discretion), except that the blanks in the forms may be filled in as appropriate by the Court; and

    d.  such approvals and orders, including, without limitation, the Bar Order and the Judgment and Bar Orders, have all become Final.

  21.  "Stanford Entities" means Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Gilbert Lopez, Mark Kuhrt, Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC, Stanford Financial Group, the Stanford Financial Bldg Inc., the entities listed in Exhibit E to this Agreement, and any entity of any type that was owned, or controlled by Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Gilbert Lopez, Mark Kuhrt, Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC, Stanford Financial Group, or the Stanford Financial Bldg Inc., on or before February 16, 2009.

  22.  "Taxes" means any and all taxes, whether federal, state, local, or other taxes related to the Settlement or the Settlement Amount, and costs incurred in connection with such taxation including, without limitation, the fees and expenses of tax attorneys and accountants.

  23.  "Willis Released Parties" means the Willis Defendants, and each of their counsel, and each of their respective past, present, future, direct and indirect parents, subsidiaries, affiliates, related entities, divisions, partnerships, corporations, and each of its and their respective directors, officers, legal and equitable owners, shareholders, members, managers,

principals, employees, associates, representatives, distributees, agents, attorneys, trustees, general and limited partners, lenders, insurers and reinsurers, executors, administrators, heirs, beneficiaries, assigns, predecessors, predecessors-in-interest, successors, and successors-in-interest.  Notwithstanding the foregoing, "Willis Released Parties" does not include any Person, other than the Willis Defendants, against whom, as of March 31, 2016, any of the Plaintiffs was asserting a claim or cause of action in any Forum, and does not include any Person who becomes employed by, related to, or affiliated with the Willis Defendants after March 31, 2016 and whose liability, if any, arises out of or derives from actions or omissions before becoming employed by, related to, or affiliated with the Willis Defendants.

**III.     Delivery and Management of the Settlement Amount**

24.     Dismissal of the Troice Litigation: Within five (5) business days of the Settlement Effective Date, the Investor Plaintiffs shall file a motion to dismiss with prejudice the Troice Litigation in its entirety as to the Willis Defendants.

25.     Delivery of the Settlement Amount:  On the later of (a) thirty (30) days after the Settlement Effective Date or (b) thirty (30) days after the dismissal of the Troice Litigation (in its entirety as to the Willis Defendants), Willis NA shall pay the Settlement Amount to the Receiver by wire transfer in accordance with wire transfer instructions provided by the Receiver for purposes of receiving the payment.  The Settlement Amount shall be the full and sole monetary contribution made by or on behalf of the Willis Defendants in connection with or in any way arising out of or relating to the Settlement, and it specifically covers any claims for costs and attorneys' fees by Plaintiffs, and all taxes, fees, and expenses related to the administration or distribution of the Settlement Amount.

IV.   **Use of the Settlement Amount**

26.   <u>Management and Distribution of the Settlement Amount</u>:   If and when the Settlement Amount is delivered to the Receiver pursuant to the terms of this Agreement, the Receiver shall receive and take custody of the Settlement Amount and shall maintain, manage and distribute the Settlement Amount in accordance with the Distribution Plan and under the supervision and direction and with the approval of the Court.   The Receiver shall be responsible for all Taxes, fees and expenses that may be due with respect to the Settlement Amount or the management, use, administration or distribution of the Settlement Amount.

27.   <u>No Liability</u>: The Willis Defendants and the Willis Released Parties shall have no liability, obligation, or responsibility whatsoever with respect to the investment, management, use, administration, or distribution of the Settlement Amount or any portion thereof, including, but not limited to, the costs and expenses of such investment, management, use, disbursement, or administration of the Settlement Amount, and any Taxes arising therefrom or relating thereto.

V.   **Motion for Scheduling Order, Bar Order, and Judgment and Bar Orders and Form and Procedure for Notice**

28.   <u>Motion</u>: Within thirty (30) days after the Agreement Date, Plaintiffs shall submit to the Court a motion requesting entry of an order substantially in the form attached hereto as Exhibit F (the "<u>Scheduling Order</u>"):   (a) preliminarily approving the Settlement; (b) approving the content and plan for publication and dissemination of Notice; (c) setting the date by which any objection to the Settlement or this Agreement must be filed; and (d) scheduling a Hearing to consider final approval of the Settlement and entry of the orders required by Paragraph 20 of this Agreement.   With respect to the content and plan for publication and dissemination of Notice, Plaintiffs will propose that Notice in substantially the form attached hereto as Exhibit A be:   sent via electronic mail, first class mail or international delivery service to all Claimants; sent via

14

electronic service to all counsel of record for any Person who is, at the time of Notice, a party in any case included in MDL No. 2099, *In re: Stanford Entities Securities Litigation* (N.D. Tex.) (the "MDL"), the SEC Action, the Troice Litigation, the Janvey Litigation, or the Other Willis Litigation who are deemed to have consented to electronic service through the Court's CM/ECF System under Local Rule CV-5.1(d); sent via facsimile transmission and/or first class mail to any other counsel of record for any other Person who is, at the time of service, a party in any case included in the MDL, the SEC Action, the Troice Litigation, the Janvey Litigation, or the Other Willis Litigation; and posted on the websites of the Receiver and the Examiner, along with complete copies of this Agreement and all filings with the Court relating to the Settlement, this Agreement, and approval of the Settlement, excluding any objections filed with the Court by parties objecting to or otherwise opposing the Settlement, which objections are not required to be posted on the websites.  Plaintiffs will further propose that Notice in substantially the form attached hereto as Exhibit G be published once in the national edition of *The Wall Street Journal* and once in the international edition of *The New York Times*.  In advance of filing the motion papers to accomplish the foregoing, Plaintiffs shall provide the Willis Defendants with a reasonable opportunity to review and comment on such motion papers.

29.    Notice Preparation and Dissemination: The Receiver shall be responsible for the preparation and dissemination of the Notice pursuant to this Agreement and as directed by the Court.  In the absence of intentional refusal by the Receiver to prepare and disseminate Notice pursuant to this Agreement or a court order, no Interested Party or any other Person shall have any recourse against the Receiver with respect to any claims that may arise from or relate to the Notice process.  In the case of intentional refusal by the Receiver to prepare and disseminate Notice pursuant to this Agreement or a court order, the Willis Defendants shall not have any

claim against the Receiver, other than the ability to seek specific performance.  The Parties do not intend to give any other Person any right or recourse against the Receiver in connection with the Notice process.

30.   <u>No Recourse Against the Willis Defendants</u>:  The Willis Defendants and the Willis Released Parties shall have no responsibility, obligation, or liability whatsoever for, and no Interested Party or any other Person shall have any recourse against any of the Willis Defendants or any of the Willis Released Parties with respect to, the cost associated with providing Notice pursuant to this Agreement and as directed by the Court or any claims that may arise from or relate to the Notice process. As of the Settlement Effective Date, Plaintiffs, Plaintiffs Released Parties, and all other individuals, persons or entities Plaintiffs represent or on whose behalf Plaintiffs have been empowered to act by any court fully, finally, and forever release and relinquish the Willis Defendants and the Willis Released Parties from any and all such responsibility, obligation and liability.

31.   <u>Motion Contents</u>:  In the motion papers referenced in Paragraph 28 of this Agreement, Plaintiffs shall request that the Court, *inter alia*:

a.   approve the Settlement and its terms as set out in this Agreement;

b.   enter an order finding that this Agreement and the releases set forth herein are final and binding on the Parties;

c.   enter in the SEC Action a Bar Order in exactly the form attached hereto as Exhibit C; and

d.   enter in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court) a Judgment and Bar Order in exactly the forms attached hereto as Exhibit D.

32.    Parties to Advocate:  The Parties shall take all reasonable steps to advocate for and encourage the Court to approve the Settlement and this Agreement.

33.    No Challenge:  No Party shall challenge the approval of the Settlement or this Agreement, and no Party will encourage or assist any Interested Party in challenging the Settlement or this Agreement.

**VI.    Rescission if the Settlement is Not Finally Approved or the Bar Order and the Judgment and Bar Orders are Not Entered**

34.    Right to Withdraw:  The Parties represent and acknowledge that the following were necessary to the Parties' agreement to the Settlement and this Agreement, are each an essential term of the Settlement and this Agreement, and that the Settlement and this Agreement would not have been reached in the absence of these terms:  (a) Court approval of the Settlement and the terms of this Agreement without modifications or limitations; (b) entry by the Court of the Bar Order in the SEC Action in exactly the form attached hereto as Exhibit C, without modifications or limitations (other than immaterial modifications or limitations, with materiality to be determined by the Willis Entity Defendants in their good-faith discretion), except that the blanks in the form may be filled in as appropriate by the Court; (c) entry by the Court of the Judgment and Bar Orders in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court) in exactly the forms attached hereto as Exhibit D, without modifications or limitations (other than immaterial modifications or limitations, with materiality to be determined by the Willis Entity Defendants in their good-faith discretion), except that the blanks in the forms may be filled in as appropriate by the Court; and (d) all such approvals and orders becoming Final, pursuant to Paragraphs 8 and 20 of this Agreement.  If the Court does not provide the approvals described in (a), or if the final result of any appeal from the approvals described in (a) is that any of the approvals are not affirmed, in their entirety and without

17

modification or limitation, then any Party has the right to withdraw within thirty (30) days its agreement to the Settlement and to this Agreement. If the Court refuses to enter the bar orders described in (b) and (c), or if the final result of any appeal from the bar orders described in (b) or (c) is that any of the bar orders are not affirmed, in their entirety and without modifications or limitations (other than immaterial modifications or limitations, with materiality to be determined by the Willis Entity Defendants in their good-faith discretion), then the Willis Entity Defendants have the right within thirty (30) days to withdraw their agreement to the Settlement and to this Agreement. Should the Willis Entity Defendants not elect to exercise their right to withdraw from the Settlement and this Agreement within such 30-day period, then the condition, whose failure to occur caused the withdrawal right to accrue, will be deemed to have occurred as of the first day following the expiration of such 30-day time period. In the event that any Party withdraws its agreement to the Settlement or this Agreement as allowed in this paragraph, this Agreement will be null and void and of no further force or effect whatsoever (other than the terms of this paragraph and Paragraphs 43 and 44, which shall survive), shall not be admissible in any ongoing or future proceedings for any purpose whatsoever, and shall not be the subject or basis for any claims by any Party against any other Party. To exercise its right under this paragraph to withdraw its agreement to the Settlement and to this Agreement, a Party must provide written notice of such withdrawal pursuant to Paragraph 52 herein. If any Party withdraws from this Agreement pursuant to the terms of this paragraph, then each Party shall be returned to such Party's respective position immediately prior to such Party's execution of the Agreement, subject only to the terms of this paragraph and Paragraphs 43 and 44, including that the Parties shall maintain the confidentiality of their mediation and related communications.

**VII.   Distribution Plan**

35.    <u>Duties</u>:   The Receiver, with the approval and guidance of the Court, shall be solely responsible for preparing, filing a motion seeking approval of, and implementing the Distribution Plan, including, without limitation, receiving, managing and disbursing the Settlement Amount.    The Receiver owes no duties to the Willis Defendants or the Willis Released Parties in connection with the distribution of the Settlement Amount or the Distribution Plan, and if the Receiver complies with all orders issued by the Court relating to the Distribution Plan, neither the Willis Defendants nor the Willis Released Parties may assert any claim or cause of action against the Receiver in connection with the distribution of the Settlement Amount or the Distribution Plan.   In no event will the Receiver or the Receivership Estate be liable for damages or the payment or re-payment of funds of any kind as a result of any deficiency associated with the distribution of the Settlement Amount or the Distribution Plan.

36.    <u>Distribution by Check</u>:   The Receiver must include the following statement, without alteration (except that additional releasees may be included to the extent the Receiver includes in such distribution checks funds derived from settlements with such additional releasees), on the reverse of all checks sent to Claimants pursuant to the Distribution Plan, above where the endorser will sign:

> BY ENDORSING THIS CHECK, I RELEASE ALL CLAIMS, KNOWN OR NOT, AGAINST WILLIS TOWERS WATSON PUBLIC LIMITED COMPANY (F/K/A WILLIS GROUP HOLDINGS LIMITED), WILLIS LIMITED, WILLIS NORTH AMERICA INC., WILLIS OF COLORADO, INC., WILLIS OF TEXAS, INC. AND EACH OF THEIR RESPECTIVE PAST AND PRESENT PARENT, SUBSIDIARY AND AFFILIATED ENTITIES AND EACH OF THEIR RESPECTIVE CURRENT AND FORMER EMPLOYEES, DIRECTORS, OFFICERS, AGENTS AND INSURERS (INCLUDING, WITHOUT LIMITATION, AMY S. BARANOUCKY) ARISING FROM OR RELATING TO STANFORD INTERNATIONAL BANK, LTD. AND ACCEPT THIS PAYMENT IN FULL SATISFACTION THEREOF.

37.    <u>No Responsibility</u>:   The Willis Defendants and the Willis Released Parties shall have no responsibility, obligation, or liability whatsoever with respect to the terms, interpretation

or implementation of the Distribution Plan; the administration of the Settlement; the management, investment or disbursement of the Settlement Amount or any other funds paid or received in connection with the Settlement; the payment or withholding of Taxes that may be due or owing by the Receiver or any recipient of funds from the Settlement Payment; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Settlement or this Agreement; or any losses, Attorneys' Fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. As of the Settlement Effective Date, Plaintiffs, Plaintiffs Released Parties, and all other individuals, persons or entities Plaintiffs represent or on whose behalf Plaintiffs have been empowered to act by any court fully, finally, and forever release, relinquish, and discharge the Willis Defendants and the Willis Released Parties from any and all such responsibility, obligation and liability.

**VIII.   Releases, Covenants Not to Sue, and Permanent Injunction**

38.    <u>Releases</u>: As of the Settlement Effective Date, each of Plaintiffs, including, without limitation, the Receiver on behalf of the Receivership Estate, and each of Plaintiffs' respective past and present, direct and indirect, parent entities, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and assigns, in their capacities as such, and anyone who can claim through any of them, fully, finally, and forever release, relinquish, and discharge, with prejudice, all Settled Claims against the Willis Defendants and the Willis Released Parties. As of the Settlement Effective Date, each of the Willis Defendants, including, without limitation, the Willis Defendants' respective past and present, direct and indirect, parent entities, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and

assigns, in their capacities as such, and anyone who can claim through any of them, fully, finally, and forever release, relinquish, and discharge, with prejudice, all Settled Claims against Plaintiffs, the Plaintiffs Released Parties, and each of the other Willis Defendants.

39.    <u>No Release of Obligations Under This Agreement</u>:  Notwithstanding anything to the contrary in this Agreement, the releases in Paragraph 38 of this Agreement do not release the Parties' rights and obligations under this Agreement or the Settlement, nor bar the Parties from seeking to enforce or effectuate this Agreement or the Settlement. Further, the foregoing releases do not bar or release any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents.

40.    <u>Covenant Not to Sue</u>:  Effective as of the Agreement Date, each of Plaintiffs covenants not to, directly or indirectly, or through a third party, institute, reinstitute, initiate, commence, maintain, continue, file, encourage, solicit, support, participate in, collaborate in, or otherwise prosecute, now or at any time in the future, against any of the Willis Defendants or any of the Willis Released Parties any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, concerning the Settled Claims, whether in a court or any other Forum.  Effective as of the Agreement Date, each of the Willis Defendants covenants not to, directly or indirectly, or through a third party, institute, reinstitute, initiate, commence, maintain, continue, file, encourage, solicit, support, participate in, collaborate in, or otherwise prosecute against any of Plaintiffs, any of the Plaintiffs Released Parties or any other Willis Defendant any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding, whether individually, derivatively, on behalf of a class, as a member of a class, or in

21

any other capacity whatsoever, concerning the Settled Claims, whether in a court or any other Forum. Notwithstanding the foregoing, however, the Parties retain the right to sue for alleged breaches of this Agreement. Further, notwithstanding the foregoing, the Janvey Litigation, the Troice Litigation and the Other Willis Litigation will remain open pending consideration and Final Approval of this Agreement (though during that time, the Janvey Litigation, the Troice Litigation and the Other Willis Litigation will be stayed for all activities other than those activities necessary to obtain approval of this Agreement).

**IX.      Representations and Warranties**

41.      No Assignment, Encumbrance, or Transfer:  Plaintiffs, other than the Receiver, represent and warrant that they are the owners of the Settled Claims and that they have not, in whole or in part, assigned, encumbered, sold, pledged as security, or in any manner transferred or compromised the Settled Claims against the Willis Defendants and the Willis Released Parties. The Receiver represents and warrants that, other than assigning the Settled Claims against the Willis Defendants to the Committee, he has not, in whole or in part, assigned, encumbered, sold, pledged as security, or in any manner transferred or compromised the Settled Claims against the Willis Defendants and the Willis Released Parties.

42.      Authority:  Each person executing this Agreement or any related documents represents and warrants that he or she has the full authority to execute the documents on behalf of the entity each represents and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Agreement to effectuate its terms.  The Committee represents and warrants that the Committee has approved this Agreement in accordance with the by-laws of the Committee.

**X.       No Admission of Fault or Wrongdoing**

43.     The Settlement, this Agreement, and the negotiation thereof shall in no way constitute, be construed as, or be evidence of an admission or concession of any violation of any statute or law; of any fault, liability or wrongdoing; or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations or defenses asserted or that could have been asserted in the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, or any other proceeding in any Forum relating to the Stanford Entities.    The Settlement and this Agreement are a resolution of disputed claims in order to avoid the risk and expense of protracted litigation.    The Willis Defendants expressly deny any liability or wrongdoing with respect to the matters alleged in the complaints in the Actions, and with respect to any matter related to the Stanford Entities.    The Settlement, this Agreement, and evidence thereof shall not be used, directly or indirectly, in any way, in the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, the SEC Action, or in any other proceeding, other than to enforce the terms of the Settlement and this Agreement.

## XI.    Confidentiality

44.     Confidentiality:   Except as necessary to obtain Court approval of the Settlement and this Agreement, to provide the Notices as required by this Agreement, or to enforce or effectuate the terms of the Settlement and this Agreement, the Parties will keep confidential and shall not publish, communicate, or otherwise disclose, directly or indirectly, in any manner whatsoever, Confidential Information to any Person except that:   (a) a Party may disclose Confidential Information pursuant to a legal, professional, or regulatory obligation; court order; or lawfully issued subpoena, but only after providing prompt written notice to the other Parties so that, to the extent practicable, each Party has the time and opportunity, before disclosure of any Confidential Information, to seek and obtain a protective order preventing or limiting

disclosure; and (b) a Party may disclose Confidential Information based on specific written consent from each of the other Parties.  Notwithstanding anything else in this Agreement or otherwise, such consent may be transmitted by email.  Notwithstanding any provision to the contrary in the foregoing, the Parties agree that the Willis Entity Defendants may make disclosure regarding the Settlement and this Agreement in Forms 8-K, 10-K and/or 10-Q filed with the SEC, as well as conduct ancillary stakeholder communications, and they need not meet and confer with Plaintiffs before making such disclosure(s).

**XII.**     **Miscellaneous**

45.     Final and Complete Resolution:   The Parties intend this Agreement and the Settlement to be and constitute a final, complete, and worldwide resolution of all matters and disputes between the Plaintiffs, the Plaintiffs Released Parties and the Interested Parties, on the one hand, and the Willis Defendants and the Willis Released Parties, on the other hand, and between the Willis Defendants themselves, and this Agreement, including its exhibits, shall be interpreted to effectuate this purpose.  The Parties agree not to assert in any Forum that another Party violated Rule 11 of the Federal Rules of Civil Procedure, or litigated, negotiated, or otherwise engaged in conduct in bad faith or without a reasonable basis in connection with the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, the Settlement or this Agreement.

46.     Binding Agreement:  As of the Agreement Date, this Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, successors, and assigns.  No Party may assign any of its rights or obligations under this Agreement without the express written consent of the other Parties.

47.     Incorporation of Recitals:  The Recitals contained in this Agreement are essential terms of this Agreement and are incorporated herein for all purposes.

48.     Disclaimer of Reliance:    The Parties represent and acknowledge that in negotiating and entering into the Settlement and this Agreement, they have not relied on, and have not been induced by, any representation, warranty, statement, estimate, communication, or information, of any nature whatsoever, whether written or oral, by, on behalf of, or concerning any Party, any agent of any Party, or otherwise, except as expressly set forth in this Agreement. To the contrary, each of the Parties affirmatively represents and acknowledges that such Party is relying solely on the express terms contained within this Agreement.  The Parties have each consulted with legal counsel and advisors, have considered the advantages and disadvantages of entering into the Settlement and this Agreement, and have relied solely on their own judgment and advice of their respective legal counsel in negotiating and entering into the Settlement and this Agreement.

49.     Third-Party Beneficiaries:  This Agreement is not intended to and does not create rights enforceable by any Person other than the Parties (or their respective heirs, executors, administrators, successors, and assigns, as provided in Paragraph 46 of this Agreement), except as necessary to effect and enforce the releases and covenants not to sue included herein.

50.     Negotiation, Drafting, and Construction:  The Parties agree and acknowledge that they each have reviewed and cooperated in the preparation of this Agreement, that no Party should or shall be deemed the drafter of this Agreement or any provision hereof, and that any rule, presumption, or burden of proof that would construe this Agreement, any ambiguity, or any other matter, against the drafter shall not apply and is waived.  The Parties are entering into this Agreement freely, after good faith, arm's-length negotiation, with the advice of counsel, and in

25

the absence of coercion, duress, and undue influence. The titles and headings in this Agreement are for convenience only, are not part of this Agreement, and shall not bear on the meaning of this Agreement. The words "include," "includes," or "including" shall be deemed to be followed by the words "without limitation." The words "and" and "or" shall be interpreted broadly to have the most inclusive meaning, regardless of any conjunctive or disjunctive tense. Words in the masculine, feminine, or neuter gender shall include any gender. The singular shall include the plural and vice versa. "Any" shall be understood to include and encompass "all," and "all" shall be understood to include and encompass "any."

51.    Cooperation: The Parties agree to execute any additional documents reasonably necessary to finalize and carry out the terms of this Agreement. In the event a third party or any Person other than a Party at any time challenges any term of this Agreement or the Settlement, including the Bar Order and the Judgment and Bar Orders, the Parties agree to cooperate with each other, including using reasonable efforts to make documents or personnel available as needed to defend any such challenge. Further, the Parties shall reasonably cooperate to defend and enforce each of the orders required under Paragraph 20 of this Agreement.

52.    Notice: Any notices, documents, or correspondence of any nature required to be sent pursuant to this Agreement shall be transmitted by both email and overnight delivery to the following recipients, and will be deemed transmitted upon receipt by the overnight delivery service.

If to Plaintiffs:

Edward C. Snyder, Esq.
Castillo Snyder, P.C.
Bank of America Plaza
300 Convent, Suite 1020
San Antonio, Texas 78205-3789
Telephone:   (210) 630-4200
Facsimile:   (210) 630-4200
Email:       esnyder@casnlaw.com

Douglas J. Buncher, Esq.
Neligan Foley LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:   (214) 840-5320
Facsimile:   (214) 840-5301
Email:       dbuncher@neliganlaw.com

Judith R. Blakeway, Esq.
Strasburger & Price, LLP
2301 Broadway
San Antonio, Texas 78215
Telephone:   (210) 250-6000
Facsimile:   (210) 250-6100
Email:       Judith.blakeway@strasburger.com

Ralph S. Janvey, Esq.
Krage & Janvey, LLP
2100 Ross Avenue, Suite 2600
Dallas, Texas 75201
Telephone:   (214) 397-1912
Facsimile:   (214) 220-0230
Email:       rjanvey@kjllp.com

Kevin M. Sadler, Esq.
Baker Botts LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
Telephone:   (650) 739-7518
Facsimile:   (650) 739-7618
Email:       kevin.sadler@bakerbotts.com

If to the Willis Entity Defendants:

Jonathan D. Polkes, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007
Email:       jonathan.polkes@weil.com

Matthew S. Furman, Esq.
General Counsel
Willis Towers Watson Public Limited Company
200 Liberty Street
New York, New York 10281
Telephone:   (212) 915-7915
Email:       Matt.Furman@WillisTowersWatson.com

If to Baranoucky:

Mark D. Manela, Esq.

Manela Law Firm
440 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:    (713) 240-4843
Facsimile:    (713) 228-6138
Email:        mmanela@manelalawfirm.com

Each Party shall provide notice of any change to the service information set forth above to all

other Parties by the means set forth in this paragraph.

53.   <u>Choice of Law</u>:   This Agreement shall be governed by and construed and

enforced in accordance with the laws of the State of Texas, without regard to the choice of law

principles of Texas or any other jurisdiction.

54.   <u>Mandatory, Exclusive Forum Selection Clause</u>:   Any dispute, controversy, or

claim arising out of or related to the Settlement or this Agreement, including breach,

interpretation, effect, or validity of this Agreement, whether arising in contract, tort, or

otherwise, shall be brought exclusively in the United States District Court for the Northern

District of Texas.  With respect to any such action, the Parties irrevocably stipulate and consent

to personal and subject matter jurisdiction and venue in such court, and waive any argument that

such court is inconvenient, improper, or otherwise an inappropriate forum.

55.   <u>United States Currency</u>:   All dollar amounts in this Agreement are expressed in

United States dollars.

56.   <u>Timing</u>:   If any deadline imposed by this Agreement falls on a non-business day,

then the deadline is extended until the next business day.

57.   <u>Waiver</u>:   The waiver by a Party of any breach of this Agreement by another Party

shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

58.   <u>Exhibits</u>:   The exhibits annexed to this Agreement are incorporated by reference

as though fully set forth in this Agreement.

59.     Integration and Modification:  This Agreement sets forth the entire understanding and agreement of the Parties with respect to the subject matter of this Agreement and supersedes all prior agreements, understandings, negotiations, and communications, whether oral or written, with respect to such subject matter.  Neither this Agreement, nor any provision or term of this Agreement, may be amended, modified, revoked, supplemented, waived, or otherwise changed except by a writing signed by all of the Parties.

60.     Agreed Changes:  Notwithstanding any other provision of this Agreement, the Parties may consent, but are not obligated to consent, to changes made by the Court to the Scheduling Order, the Notice, the Bar Order, the Judgment and Bar Orders, or other filings.  Any such consent must be in writing and signed by all Parties or must be agreed to by all Parties on the record in open court.

61.     Counterparts:  This Agreement may be executed in one or more counterparts, each of which for all purposes shall be deemed an original but all of which taken together shall constitute one and the same instrument.  A signature delivered by fax or other electronic means shall be deemed to be, and shall have the same binding effect as, a handwritten, original signature.

**[SIGNATURE PAGES FOLLOW]**

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their agreement to the foregoing terms.

Ralph S. Janvey, in his capacity as the Receiver for the Stanford Receivership Estate

Punga Punga Financial, Ltd.

_Ralph S Janvey_ _8/22/16_
_____ Date

By: _____ Date

John J. Little, in his capacity as the Examiner

_____ Date

Manuel Canabal          Date

Official Stanford Investors Committee

By: John J. Little, Chairperson   Date

Daniel Gomez Ferreiro        Date

Promotora Villa Marino, C.A.

Samuel Troice          Date

By: _____ Date

Martha Diaz          Date

Paula Gilly-Flores          Date

30

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their agreement to the foregoing terms.

| | |
|---|---|
| Ralph S. Janvey, in his capacity as the Receiver for the Stanford Receivership Estate | Punga Punga Financial, Ltd. |

_____   Date      By: _____   Date

John J. Little, in his capacity as the Examiner

_____ 8/23/2016   _____   Date
                      Date

                                Manuel Canabal         Date

Official Stanford Investors Committee

_____ 2/23/2016   _____
By: John J. Little, Chairperson   Date    Daniel Gomez Ferreiro   Date

                                Promotora Villa Marino, C.A.

_____   Date      By: _____   Date
Samuel Troice

_____   Date
Martha Diaz

_____   Date
Paula Gilly-Flores

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their agreement to the foregoing terms.

Ralph S. Janvey, in his capacity as the Receiver for the Stanford Receivership Estate

Punga Punga Financial, Ltd.

_____        Date

By: _____        Date

John J. Little, in his capacity as the Examiner

_____        Date

Manuel Canabal        Date

Official Stanford Investors Committee

By: John J. Little, Chairperson        Date

Daniel Gomez Ferreiro        Date

Promotora Villa Marino, C.A.

_____ 23/03/2016
Samuel Troice        Date

By: _____        Date

_____
Martha Diaz        Date

_____
Paula Gilly-Flores        Date

30

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their agreement to the foregoing terms.

Ralph S. Janvey, in his capacity as the Receiver for the Stanford Receivership Estate

Punga Punga Financial, Ltd.

_____  Date      By: _____  Date

John J. Little, in his capacity as the Examiner

_____  Date      Manuel Canabal _____  Date

Official Stanford Investors Committee

_____  Date      Daniel Gomez Ferreiro _____  Date

By: John J. Little, Chairperson  Date

Promotora Villa Marino, C.A.

_____  Date      By: _____  Date

Samuel Troice           Date

Martha Díaz  August 23.th, 2016
_____  Date
Martha Díaz

_____  Date
Paula Gilly-Flores

30

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their

agreement to the foregoing terms.

Ralph S. Janvey, in his capacity as the
Receiver for the Stanford Receivership
Estate

Punga Punga Financial, Ltd.

_Isaac Green_
_from Staff,_  _August 23 2016_

_____     Date

By: _____     Date

John J. Little, in his capacity as the
Examiner

_____     Date

Manuel Canabal     Date

Official Stanford Investors Committee

By: John J. Little, Chairperson     Date

Daniel Gomez Ferreiro     Date

Promotora Villa Marino, C.A.

Samuel Troice     Date

By: _____     Date

Martha Diaz     Date

Paula Gilly-Flores     Date

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their agreement to the foregoing terms.

Ralph S. Janvey, in his capacity as the Receiver for the Stanford Receivership Estate

Punga Punga Financial, Ltd.

_____ Date

By: _____ Date

John J. Little, in his capacity as the Examiner

_____ Date

Manuel Canabal _____ Date

Official Stanford Investors Committee

By: John J. Little, Chairperson _____ Date

Daniel Gomez Ferreiro _____ Date

Promotora Villa Marino, C.A.

Samuel Troice _____ Date

By: _____ Date

Martha Diaz _____ Date

Paula Gilly-Flores _____ Date

30

IN WITNESS HEREOF, the Parties have executed this Agreement signifying their

agreement to the foregoing terms.

Ralph S. Janvey, in his capacity as the
Receiver for the Stanford Receivership
Estate

Punga Punga Financial, Ltd.

_____ Date

By: _____ Date

John J. Little, in his capacity as the
Examiner

_____ Date

Manuel Canabal                    Date 08/26/2016

Official Stanford Investors Committee

By: John J. Little, Chairperson   Date

Daniel Gomez Ferreiro             Date 08/26/2016

Promotora Villa Marino, C.A.

Samuel Troice                     Date

By: Daniel Gomez Ferreiro   Date  08/26/2016

Martha Diaz                       Date

Paula Gilly-Flores                Date

30

Willis Towers Watson Public Limited Company

By: Matthew S. Furman          Date 8/23/16
    General Counsel

Willis Limited


By: _____          Date _____

Willis North America Inc.


By: _____          Date _____

Willis of Colorado, Inc.


By: _____          Date _____

Willis of Texas, Inc.


By: _____          Date _____


_____              Date _____

Amy S. Baranoucky

Willis Towers Watson Public Limited Company

_____     _____
By:                                 Date

X Willis Limited

*Neil Perry*   31/8/16
_____     _____
By:  NEIL PERRY, Director            Date

Willis North America Inc.,

_____     _____
By:                                 Date

Willis of Colorado, Inc.

_____     _____
By:                                 Date

Willis of Texas, Inc.

_____     _____
By:                                 Date

_____     _____
Amy S. Baranoucky                   Date

31

Willis Towers Watson Public Limited Company

_____          _____
By:                                       Date

Willis Limited


_____          _____
By:                                       Date

Willis North America Inc.

_____          _____
By: Andrew M. Wasserman              Date 8/22/16
    SVP + GC WNA
Willis of Colorado, Inc.


_____          _____
By:                                       Date

Willis of Texas, Inc.


_____          _____
By:                                       Date


_____          _____
Amy S. Baranoucky                         Date

31

Willis Towers Watson Public Limited Company

_____
By:                                    Date

Willis Limited

_____
By:                                    Date

Willis North America Inc.

_____
By:                                    Date

Willis of Colorado, Inc.

By: Heather D. B. Nazdgboori Date 9\22\2016
     Secretary

Willis of Texas, Inc.

By: Heather D. B. Nazdgboori Date 9\22\2016
     Secretary

_____
Amy S. Baranoucky            Date

31

Willis Towers Watson Public Limited Company

_____
By:                          Date

Willis Limited

_____
By:                          Date

Willis North America Inc.

_____
By:                          Date

Willis of Colorado, Inc.

_____
By:                          Date

Willis of Texas, Inc.

_____
By:                          Date

_____
Amy S. Baranoucky          Date

31

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 3:09-cv-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., et al., | § § | |
| Defendants. | § § § | |
| | § | |
| RALPH S. JANVEY, et al. | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:13-cv-03980-N |
| WILLIS OF COLORADO INC., et al. | § § | |
| Defendants. | § § | |

## NOTICE OF SETTLEMENT AND BAR ORDER PROCEEDINGS

PLEASE TAKE NOTICE that Ralph S. Janvey, in his capacity as the Court-appointed Receiver for the Stanford Receivership Estate (the "Receiver"), the Official Stanford Investors Committee (the "Committee"), and Samuel Troice, Martha Diaz, Paula Gilly-Flores, Punga Punga Financial, Ltd., Manuel Canabal, Daniel Gomez Ferreiro and Promotora Villa Marino, C.A. (collectively, the "Investor Plaintiffs" and with the Receiver and the Committee, the "Plaintiffs"), have reached an agreement (the "Settlement Agreement") to settle all claims asserted or that could have been asserted against Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), Willis Limited, Willis North America, Inc. ("Willis NA"), Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky (collectively, the

**EXHIBIT A**

"Willis Defendants") by the Plaintiffs in *Janvey v. Willis of Colorado, Inc., et al.*, No. 3:13-CV-03980-N (N.D. Tex.) (the "Janvey Litigation"), and by the Investor Plaintiffs in *Troice v. Willis of Colorado, Inc. et al.*, No. 3:09-CV-1274-L (N.D. Tex.) (the "Troice Litigation").

PLEASE TAKE FURTHER NOTICE that the Plaintiffs have filed in *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex.) (the "SEC Action") an Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Willis, to Approve the Proposed Notice of Settlement with Willis, to Enter the Bar Order, and to Enter the Final Judgment and Bar Orders (the "Scheduling/Approval Motion"), and a Motion for Plaintiffs' Attorneys' Fees (the "Attorneys' Fees Motion," and together with the Scheduling/Approval Motion, the "Motions").   Copies of the Settlement Agreement, the Motions, and other supporting papers may be obtained from the Court's docket in the SEC Action [ECF No. _____], and are also available on the websites of the Receiver (http://www.stanfordfinancialreceivership.com) and the Examiner (www.lpf-law.com/examiner-stanford-financial-group/).   Copies of these documents may also be requested by email, by sending the request to margaret.hagelman@strasburger.com; or by telephone, by calling Margaret Hagelman at 210-250-6001.   All capitalized terms not defined in this Notice of Settlement and Bar Order Proceedings are defined in the Settlement Agreement, attached as Exhibit 1 of the Appendix to the Scheduling/Approval Motion.

PLEASE TAKE FURTHER NOTICE that the Scheduling/Approval Motion requests that the Court approve the Settlement and enter bar orders permanently enjoining, among others, Interested Parties,[1] including Stanford Investors,[2] Claimants,[3] and any Person[4], from pursuing

---

[1] "Interested Parties" means the Receiver, the Receivership Estate, the Committee, the members of the Committee, the Plaintiffs, the Stanford Investors, the Claimants, the Examiner, or any Person or Persons alleged by the Receiver, the Committee, or other Person or entity on behalf of the Receivership Estate to be liable to the Receivership Estate, whether or not a formal proceeding has been initiated.

Settled Claims,[5] including claims you may possess and/or may have already asserted against any

[2] "Stanford Investors" means customers of Stanford International Bank, Ltd., who, as of February 16, 2009, had funds on deposit at Stanford International Bank, Ltd., and/or were holding certificates of deposit issued by Stanford International Bank, Ltd.

[3] "Claimants" refers generally to any Persons who have submitted a Claim to the Receiver or to the Joint Liquidators.

[4] "Person" means any individual, entity, governmental authority, agency or quasi-governmental person or entity, worldwide, of any type, including, without limitation, any individual, partnership, corporation, estate, limited liability company, trust, committee, fiduciary, association, proprietorship, organization or business regardless of location, residence, or nationality.

[5] "Settled Claims" means any action, cause of action, suit, liability, claim, right of action, debt, sums of money, covenants, contracts, controversies, agreements, promises, damages, contribution, indemnity, specific performance, attorneys' fees and demands whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that a Releasor ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities (defined below), (ii) any certificate of deposit, depository account, or investment of any type with any one or more of the Stanford Entities, (iii) any one or more of the Willis Defendants' relationships with any one or more of the Stanford Entities, (iv) the Willis Defendants' provision of services to any of the Stanford Entities, and any other acts, errors or omissions by the Willis Defendants for or related to the Stanford Entities or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum. "Settled Claims" specifically includes, without limitation, all claims each Releasor does not know or suspect to exist in his, her, or its favor at the time of release, which, if known by that Person, might have affected their decisions with respect to the Settlement Agreement and the Settlement ("Unknown Claims").

Each Releasor expressly waives, releases, and relinquishes any and all provisions, rights, and benefits conferred by any law or principle, in the United States or elsewhere, which governs or limits the release of unknown or unsuspected claims, including, without limitation, California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Releasor acknowledges that he, she, or it may hereafter discover facts different from, or in addition to, those which such Releasor now knows or believes to be true with respect to the Settled Claims, but nonetheless agrees that the Settlement Agreement, including the releases granted therein, will remain binding and effective in all respects notwithstanding such discovery. Unknown Claims include contingent and non-contingent claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of different or additional facts. These provisions concerning unknown and unsuspected claims and the inclusion of Unknown Claims in the definition of Settled Claims were separately bargained for and are an essential element of the Settlement Agreement and the Settlement.

"Stanford Entities" means Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Gilbert Lopez, Mark Kuhrt, Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC, Stanford Financial Group, the Stanford Financial Bldg Inc., the entities listed in Exhibit E to the Settlement Agreement [ECF No. _____], and any entity of any type that was owned or controlled by Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Gilbert Lopez, Mark Kuhrt, Stanford International Bank, Ltd., Stanford Group Company, Stanford Capital Management, LLC, Stanford Financial Group, or the Stanford Financial Bldg Inc., on or

of the Willis Defendants.

PLEASE TAKE FURTHER NOTICE that the settlement amount is one hundred twenty million U.S. dollars ($120,000,000.00) (the "Settlement Amount"). The Settlement Amount, less any fees and costs awarded by the Court to the attorneys for Plaintiffs and expenses paid by the Receiver (the "Net Settlement Amount"), will be deposited with and distributed by the Receiver pursuant to a Distribution Plan hereafter to be approved by the Court in the SEC Action (see subparagraph (e) below).

**This matter may affect your rights and you may wish to consult an attorney.**

The material terms of the Settlement Agreement are as follows:

a)   Willis NA will pay $120 million, which will be deposited with the Receiver as required pursuant to the Settlement Agreement;

b)   Plaintiffs will fully release the Willis Defendants and the Willis Released Parties[6] from all Settled Claims;

c)   The Settlement Agreement requires entry of a Final Bar Order in the SEC Action and entry of Final Judgment and Bar Orders in the Receiver Litigation and the Other Willis Litigation[7] (to the extent pending before the Court), each of which permanently enjoins, among others, Interested Parties, including all Stanford

---

before February 16, 2009.

[6] "Willis Released Parties" means the Willis Defendants, and each of their counsel, and each of their respective past, present and future, direct or indirect parents, subsidiaries, affiliates, related entities, divisions, partnerships, corporations, and each of its and their respective directors, officers, legal and equitable owners, shareholders, members, managers, principals, employees, associates, representatives, distributees, agents, attorneys, trustees, general and limited partners, lenders, insurers and reinsurers, executors, administrators, heirs, beneficiaries, assigns, predecessors, predecessors-in-interest, successors, and successors-in-interest. Notwithstanding the foregoing, "Willis Released Parties" does not include any Person, other than the Willis Defendants, against whom, as of March 31, 2016, any of the Plaintiffs was asserting a claim or cause of action in any Forum, and does not include any Person who becomes employed by, related to, or affiliated with the Willis Defendants after March 31, 2016 and whose liability, if any, arises out of or derives from actions or omissions before becoming employed by, related to, or affiliated with the Willis Defendants.

[7] "Other Willis Litigation" refers to the actions identified in Exhibit B to the Settlement Agreement.

Investors and Claimants, and any other Person, whether before the Court or not, from bringing or continuing any legal proceeding or asserting, encouraging, assisting, continuing, or prosecuting any cause of action, including contribution or indemnification claims, arising from or relating to a Settled Claim, against any of the Willis Defendants or any of the Willis Released Parties, including, without limitation, in the Troice Litigation, the Janvey Litigation, or the Other Willis Litigation;

d)  The Receiver will disseminate notice of the Settlement Agreement (i.e. this Notice) to Interested Parties, through one or more of the following: mail, email, international delivery, CM/ECF notification, facsimile transmission, and/or publication on the Examiner (www.lpf-law.com/examiner-stanford-financial-group/) and Receiver (http://www.stanfordfinancialreceivership.com) websites;

e)  The Receiver will develop and submit to the Court for approval a plan for disseminating the Net Settlement Amount (the "Distribution Plan");

f)  Under the Distribution Plan, once approved, the Net Settlement Amount will be distributed by the Receiver, under the supervision of the Court, to Stanford Investors who have submitted Claims that have been allowed by the Receiver; and

g)  The Troice Litigation will be dismissed with prejudice as to the Willis Defendants, with each party bearing its own costs and attorneys' fees (except as otherwise agreed among the Willis Defendants).

Attorneys for the Committee and the Investor Plaintiffs seek a fee award based upon 25% of the Settlement Amount, pursuant to 25% contingency fee agreements with the Committee and the Investor Plaintiffs. Twenty-five percent of the net recovery from the Settlement is to be

calculated but shall not exceed $30,000,000.00.

The final hearing on the Motion is set for [_____], 2016 (the "Final Approval Hearing"). Any objection to the Settlement Agreement or its terms, the Motions, the Final Bar Order, the Final Judgment and Bar Orders, or the request for approval of the Committee's and Investor Plaintiffs' attorneys' fees must be filed, in writing, with the Court in the SEC Action no later than [insert date of 21st day before Final Approval Hearing]. Any objections not filed by this date will be deemed waived and will not be considered by the Court. Those wishing to appear and to orally present their written objections at the Final Approval Hearing must include a request to so appear within their written objections.

**Additional Actions**

1. *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-22085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida

2. *Rupert v. Winter, et al.*, Case No. 20090C116137, filed on September 14, 2009 in Texas state court (Bexar County)

3. *Casanova v. Willis of Colorado, Inc.*, et al., C.A. No. 3:10-CV-01862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas

4. *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County)

5. *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County)

6. *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County)

7. *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County)

8. *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County)

9. *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County)

10. *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County)

11. *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County)

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:09-CV-0298-N |
| | § | |
| STANFORD INTERNATIONAL BANK, LTD., *et al.*, | § § | |
| | § | |
| Defendants. | § | |

## FINAL BAR ORDER

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with the Willis Defendants,[1] to Enter the Bar Order, and to Enter the Final Judgment and Bar Orders (the "Motion") of Ralph S. Janvey, the Receiver for the Receivership Estate (the "Receiver") and a plaintiff in *Janvey, et al. v. Willis of Colorado Inc., et al.*, Civil Action No. 3:13-cv-03980-N-BG (the "Janvey Litigation"); the Court-appointed Official Stanford Investors Committee (the "Committee"), as a party to this action and a plaintiff in the Janvey Litigation; and Samuel Troice, Martha Diaz, Paula Gilly-Flores, Punga Punga Financial, Ltd., Manuel Canabal, Daniel Gomez Ferreiro and Promotora Villa Marino, C.A. (collectively, the "Investor Plaintiffs"), plaintiffs in the Janvey Litigation (Messrs. Troice and Canabal only) and in *Troice, et al. v. Willis of Colorado Inc., et al.*, Civil Action No. 3:09-cv-01274-L (the "Troice Litigation") (collectively, the Receiver, Committee and the Investor Plaintiffs are the "Plaintiffs"). [ECF No. ____]. The Motion concerns a proposed settlement (the "Willis Settlement") among and between the Plaintiffs and the Willis Defendants. The Court-

---

[1] The "Willis Defendants" refers, collectively, to Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), Willis Limited, Willis North America Inc. ("Willis NA"), Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky.

**Exhibit C**

appointed Examiner signed the Willis Settlement Agreement[2] as chair of the Committee, and as Examiner solely to evidence his support and approval of the Willis Settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the Willis Settlement, the Janvey Litigation, or the Troice Litigation.

Following notice and a hearing, and having considered the filings and heard the arguments of counsel, the Court hereby GRANTS the Motion.

## I.    INTRODUCTION

The Troice Litigation, the Janvey Litigation, and this case all arise from a series of events leading to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [ECF No. 10]. After years of diligent investigation, the Plaintiffs believe that they have identified claims against a number of third parties, including the Willis Defendants, that Plaintiffs claim enabled the Stanford Ponzi scheme. In the Troice Litigation and the Janvey Litigation, the Investor Plaintiffs allege, *inter alia*, that the Willis Defendants aided and abetted violations of the Texas Securities Act and aided, abetted or participated in a fraudulent scheme and a conspiracy. In addition, in the Janvey Litigation, the Receiver and the Committee allege, *inter alia*, that the Willis Defendants aided, abetted or participated in breaches of fiduciary duty, aided, abetted or participated in a fraudulent scheme, and aided, abetted or participated in fraudulent transfers. The Willis Defendants have always denied and continue to expressly deny any and all allegations of wrongdoing.

Lengthy, multiparty negotiations led to the Willis Settlement. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs,

---

[2] The "Willis Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Motion.

**Exhibit C**

the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" (ECF No. 1149)—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" (ECF No. 322)—all participated in the extensive, arm's-length negotiations that ultimately resulted in the Willis Settlement and the Willis Settlement Agreement. The parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips on March 31, 2016, and the parties executed the Willis Settlement Agreement on August __, 2016.

Under the terms of the Willis Settlement, Willis NA will pay $120,000,000 to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the Willis Defendants seek global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. Obtaining such global peace is a critical and material component of the Settlement. Accordingly, the Willis Settlement is conditioned on, among other things, the Court's approval and entry of this Final Bar Order enjoining any Person from asserting, maintaining or prosecuting claims against any of the Willis Defendants or any of the Willis Released Parties.

On _____ __, 2016, Plaintiffs filed the Motion. [ECF No. ____]. The Court thereafter entered a Scheduling Order on _____ __, 2016 [ECF No. ____], which, *inter alia,*

**Exhibit C**

authorized the Receiver to provide notice of the Willis Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On _____, 2016, the Court held the scheduled hearing. For the reasons set forth herein, the Court finds that the terms of the Willis Settlement Agreement are adequate, fair, reasonable, and equitable, and that the Willis Settlement should be and is hereby **APPROVED**. The Court further finds that entry of this Final Bar Order is appropriate.

## II.    ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.      Terms used in this Final Bar Order that are defined in the Willis Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Willis Settlement Agreement.

2.      The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Final Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted); *see also SEC v. Parish*, 2010 WL 8347143 (D.S.C. Feb. 10, 2010).  Moreover, the Court has jurisdiction over the subject matter of this action, and Plaintiffs are proper parties to seek entry of this Final Bar Order.

3.      The Court finds that the methodology, form, content and dissemination of the Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii) constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the Willis Settlement, the Willis Settlement Agreement, the releases therein, and the injunctions provided for in this Final Bar Order and in the Final Judgment and Bar Orders to be entered in the Janvey Litigation and the Other Willis Litigation

**Exhibit C**

(to the extent pending before the Court);[3] (iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Willis Settlement, the Willis Settlement Agreement, this Final Bar Order, and the Final Judgment and Bar Orders to be entered in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court), and to appear at the Final Approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.     The Court finds that the Willis Settlement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the

---

[3] The "Other Willis Litigation" is defined in the Willis Settlement Agreement to include the 11 additional actions relating to the same subject matter as the Troice Litigation and the Janvey Litigation: (i) *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-2085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida; (ii) *Rupert v. Winter, et al.*, Case No. 20090C116137, filed on September 14, 2009 in Texas state court (Bexar County)(the "*Rupert* Action"); (iii) *Casanova v. Willis of Colorado, Inc., et al.*, C.A. No. 3:10-CV-1862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas; (iv) *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County)(the "*Rishmague* Action"); (v) *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County)(the "*MacArthur* Action"); (vi) *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County)(the "*Barbar* Action"); (vii) *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County); (viii) *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County)(the "*Ranni* Action"); (ix) *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County); (x) *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County); and (xi) *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County).

**Exhibit C**

Willis Defendants contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that Plaintiffs may not ultimately prevail on their claims. By the same token, it is clear that the Willis Defendants would never agree to the terms of the Willis Settlement unless they were assured of global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. The injunction against such claims is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Willis Settlement. *See Kaleta*, 530 F. App'x at 362 (entering bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding); *Parish*, 2010 WL 8347143 (similar).

5.      Pursuant to the Willis Settlement Agreement and upon motion by the Receiver, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the Willis Settlement to Stanford Investors who have claims approved by the Receiver. The Court finds that the Receiver's claims process and the Distribution Plan contemplated in the Willis Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court (ECF No. 1584).

6.      The Court further finds that the Parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

**Exhibit C**

7.     Accordingly, the Court finds that the Willis Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against any of the Willis Defendants and any of the Willis Released Parties, the Stanford Entities or the Receivership Estate, including but not limited to the Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee. The Willis Settlement, the terms of which are set forth in the Willis Settlement Agreement, is hereby fully and finally approved. The Parties are directed to implement and consummate the Willis Settlement in accordance with the terms and provisions of the Willis Settlement Agreement and this Final Bar Order.

8.     Pursuant to the provisions of Paragraph 38 of the Willis Settlement Agreement, as of the Settlement Effective Date, each of Plaintiffs, including, without limitation, the Receiver on behalf of the Receivership Estate and each of Plaintiffs' respective past and present, direct and indirect, parent entities, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and assigns, in their capacities as such, and anyone who can claim through any of them, fully, finally, and forever release, relinquish, and discharge, with prejudice, all Settled Claims against the Willis Defendants and the Willis Released Parties. Further pursuant to the provisions of Paragraph 38 of the Willis Settlement Agreement, as of the Settlement Effective Date, each of the Willis Defendants, including, without limitation, the Willis Defendants' respective past and present, direct and indirect, parent entities, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and assigns, in their capacities as such, and anyone who can claim through any of them, fully, finally, and forever release, relinquish, and discharge, with prejudice, all Settled Claims against Plaintiffs, the Plaintiffs Released Parties, and each of the other Willis Defendants.

**Exhibit C**

9.     Notwithstanding anything to the contrary in this Final Bar Order, the foregoing releases do not release the Parties' rights and obligations under the Willis Settlement or the Willis Settlement Agreement or bar the Parties from seeking to enforce or effectuate the terms of the Willis Settlement or the Willis Settlement Agreement. Further, the foregoing releases do not bar or release any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents.

10.     The Court hereby permanently bars, restrains and enjoins the Receiver, the Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the Willis Defendants or any of the Willis Released Parties, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the Troice Litigation; the Janvey Litigation; the Other Willis Litigation; or the subject matter of this case, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation or any Settled Claim. The foregoing specifically includes, but is not limited to, any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted

**Exhibit C**

by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any Plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any Plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties retain the right to sue for alleged breaches of the Willis Settlement Agreement.

11.    The Willis Defendants shall file motions to dismiss with prejudice all claims against all Willis Defendants in all of the Other Willis Litigation not pending before this Court,[4] which motions shall include this Final Bar Order as an exhibit. The plaintiffs in the Other Willis Litigation shall not oppose such motions to dismiss, and are hereby enjoined and barred from continuing to prosecute the Other Willis Litigation against any of the Willis Defendants.

12.    Nothing in this Final Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Willis Settlement or payment of the Settlement Amount by or on behalf of the Willis Defendants and the Willis Released Parties; (b) designate a "responsible third party" or "settling person" under

---

[4] This includes the *Rupert* Action, the *Rishmague* Action, the *MacArthur* Action, the *Barbar* Action, the *Ranni* Action, and the *Martin* action. *See* p. 5, n. 3, *supra*, for the full captions and case numbers of these actions and the courts in which they are pending.

**Exhibit C**

Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in other litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize (x) any action or claim seeking to recover any monetary or other relief from any of the Willis Defendants or the Willis Released Parties, or (y) the commencement, assertion or continuation of any action or claim against any of the Willis Defendants or the Willis Released Parties, including any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon any of the Willis Defendants or Willis Released Parties.

13.    The Willis Defendants and the Willis Released Parties have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Willis Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the Willis Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Willis Settlement or the Willis Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel or modify the Willis Settlement, the Willis Settlement Agreement or this Final Bar Order.

14.    Nothing in this Final Bar Order or the Willis Settlement Agreement and no aspect of the Willis Settlement or negotiation thereof is or shall be construed to be an admission or

**Exhibit C**

concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any of the complaints, claims, allegations or defenses in the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, or any other proceeding. The Willis Defendants have always denied and continue to expressly deny any liability or wrongdoing with respect to the matters alleged in the complaints in the Troice Litigation, the Janvey Litigation, the Other Willis Litigation and any other claims related to the Stanford Entities.

15.     Willis NA is hereby ordered to deliver or cause to be delivered the Settlement Amount ($120 million) as described in Paragraph 25 of the Willis Settlement Agreement. Further, the Parties are ordered to act in conformity with all other provisions of the Willis Settlement Agreement.

16.     Without in any way affecting the finality of this Final Bar Order, the Court retains continuing and exclusive jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Willis Settlement, the Willis Settlement Agreement, the Scheduling Order, and this Final Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Willis Settlement, the Willis Settlement Agreement, the Distribution Plan, and any payment of attorneys' fees and expenses to Plaintiffs' counsel.

17.     The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Final Bar Order, which is both final and appealable, and immediate entry by the Clerk of the Court is expressly directed.

**Exhibit C**

18.     This Final Bar Order shall be served by counsel for the Plaintiffs, via email, first class mail or international delivery service, on any person or entity that filed an objection to approval of the Willis Settlement, the Willis Settlement Agreement, or this Final Bar Order.

Signed on _____, 2016

 

 

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

**Exhibit C**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS | § | |
| COURT-APPOINTED RECEIVER FOR THE | § | |
| STANFORD RECEIVERSHIP ESTATE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | Civil Action No. 3:13-cv-03980-N-BG |
| v. | § | |
| | § | |
| WILLIS OF COLORADO INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINAL JUDGMENT AND BAR ORDER

Before the Court is the Expedited Request for Entry of Scheduling Order and Motion to

Approve Proposed Settlement with the Willis Defendants,[1] to Enter the Bar Order, and to Enter

the Final Judgment and Bar Orders (the "Motion") of Ralph S. Janvey, the Receiver for the

Stanford Receivership Estate in *SEC v. Stanford International Bank, Ltd., et al.*, Civil Action No.

3:09-CV-0298-N (the "SEC Action") and a plaintiff in this action; the Court-appointed Official

Stanford Investors Committee (the "Committee") as a party to the SEC Action and a plaintiff in

this action; and Samuel Troice, Martha Diaz, Paula Gilly-Flores, Punga Punga Financial, Ltd.,

Manuel Canabal, Daniel Gomez Ferreiro and Promotora Villa Marino, C.A. (collectively, the

"Investor Plaintiffs"), plaintiffs in this action (Messrs. Troice and Canabal only) and in *Troice, et*

*al. v. Willis of Colorado Inc., et al.*, Civil Action No. 3:09-cv-01274-L (the "Troice Litigation")

(collectively, the Receiver, the Committee and the Investor Plaintiffs are the "Plaintiffs") [ECF

No. ____]. The Motion concerns a proposed settlement (the "Willis Settlement") among and

between the Plaintiffs; and the Willis Defendants as defendants in the above-captioned action

---

[1] The "Willis Defendants" refers, collectively, to Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), Willis Limited, Willis North America Inc. ("Willis NA"), Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky.

**Exhibit D**

and the Troice Litigation. The Court-appointed Examiner signed the Willis Settlement Agreement[2] as chair of the Committee, and as Examiner solely to evidence his support and approval of the Willis Settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the Willis Settlement, this action, or the Troice Litigation.

Following notice and a hearing, and having considered the filings and heard the arguments of counsel, the Court hereby GRANTS the Motion.

## I.    INTRODUCTION

The SEC Action, the Troice Litigation, and this case all arise from a series of events leading to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [SEC Action ECF No. 10]. After years of diligent investigation, the Plaintiffs believe that they have identified claims against a number of third parties, including the Willis Defendants, that Plaintiffs claim enabled the Stanford Ponzi scheme. In the Troice Litigation and this case, the Investor Plaintiffs allege, *inter alia*, that the Willis Defendants aided and abetted violations of the Texas Securities Act and aided, abetted or participated in a fraudulent scheme and a conspiracy. In addition, in this case, the Receiver and the Committee allege, *inter alia*, that the Willis Defendants aided, abetted or participated in breaches of fiduciary duty, aided, abetted or participated in a fraudulent scheme, and aided, abetted or participated in fraudulent transfers. The Willis Defendants have always denied and continue to expressly deny any and all allegations of wrongdoing.

---

[2] The "Willis Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Motion.

**Exhibit D**

Lengthy, multiparty negotiations led to the Willis Settlement. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs, the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" [SEC Action ECF No. 1149]—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" [SEC Action ECF No. 322]—all participated in the extensive, arm's-length negotiations that ultimately resulted in the Willis Settlement and the Willis Settlement Agreement. The parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips on March 31, 2016, and the parties executed the Willis Settlement Agreement on August __, 2016.

Under the terms of the Willis Settlement, Willis NA will pay $120,000,000 to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the Willis Defendants seek global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. Obtaining such global peace is a critical and material component of the Willis Settlement. Accordingly, the Willis Settlement is conditioned on, among other things, the Court's approval and entry of this

**Exhibit D**

Final Judgment and Bar Order enjoining any Person from asserting, maintaining or prosecuting claims against any of the Willis Defendants or any of the Willis Released Parties.

On _____ __, 2016, Plaintiffs filed the Motion. [ECF No. ____]. The Court thereafter entered a Scheduling Order on _____ __, 2016 [ECF No. ____], which, *inter alia*, authorized the Receiver to provide notice of the Willis Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On _____, 2016, the Court held the scheduled hearing. For the reasons set forth herein, the Court finds that the terms of the Willis Settlement Agreement are adequate, fair, reasonable, and equitable, and that the Willis Settlement should be and is hereby **APPROVED**. The Court further finds that entry of this Final Judgment and Bar Order is appropriate.

## II.    ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.    Terms used in this Final Judgment and Bar Order that are defined in the Willis Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Willis Settlement Agreement.

2.    The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter this Final Judgment and Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted); *see also SEC v. Parish*, 2010 WL 8347143 (D.S.C. Feb. 10, 2010). Moreover, the Court has jurisdiction over the subject matter of this action, and Plaintiffs are proper parties to seek entry of this Final Judgment and Bar Order.

3.    The Court finds that the methodology, form, content and dissemination of the Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii)

**Exhibit D**

constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the Willis Settlement, the Willis Settlement Agreement, the releases therein, and the injunctions provided for in the Final Bar Order to be entered in the SEC Action, this Final Judgment and Bar Order, and Final Judgment and Bar Orders to be entered in the Other Willis Litigation (to the extent pending before the Court);[3] (iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Willis Settlement, the Willis Settlement Agreement, the Final Bar Order to be entered in the SEC Action, this Final Judgment and Bar Order, and the Final Judgment and Bar Orders to be entered in the Other Willis Litigation (to the extent pending before the Court), and to appear at the Final Approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil

---

[3] The "Other Willis Litigation" is defined in the Willis Settlement Agreement to include the 11 additional actions relating to the same subject matter as the Troice Litigation and the Janvey Litigation: (i) *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-22085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida; (ii) *Rupert v. Winter, et al.*, Case No. 20090C116137, filed on September 14, 2009 in Texas state court (Bexar County); (iii) *Casanova v. Willis of Colorado, Inc., et al.*, C.A. No. 3:10-CV-1862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas; (iv) *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County); (v) *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County); (vi) *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County); (vii) *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County); (viii) *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County); (ix) *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County); (x) *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County); and (xi) *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County).

**Exhibit D**

Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.      The Court finds that the Willis Settlement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the Willis Defendants contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that Plaintiffs may not ultimately prevail on their claims. By the same token, it is clear that the Willis Defendants would never agree to the terms of the Willis Settlement unless they were assured of global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. The injunction against such claims is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Willis Settlement. *See Kaleta*, 530 F. App'x at 362 (entering bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding); *Parish*, 2010 WL 8347143 (similar).

5.      Pursuant to the Willis Settlement Agreement and upon motion by the Receiver in the SEC Action, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the Willis Settlement to Stanford Investors who have claims approved by the Receiver. The Court finds that the Receiver's claims process and the

**Exhibit D**

Distribution Plan contemplated in the Willis Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court (SEC Action ECF No. 1584).

6.      The Court further finds that the Parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

7.      Accordingly, the Court finds that the Willis Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against any of the Willis Defendants and any of the Willis Released Parties, the Stanford Entities or the Receivership Estate, including but not limited to the Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee. The Willis Settlement, the terms of which are set forth in the Willis Settlement Agreement, is hereby fully and finally approved. The Parties are directed to implement and consummate the Willis Settlement in accordance with the terms and provisions of the Willis Settlement Agreement and this Final Judgment and Bar Order.

8.      Pursuant to the provisions of Paragraph 38 of the Willis Settlement Agreement, as of the Settlement Effective Date, each of Plaintiffs, including, without limitation, the Receiver on behalf of the Receivership Estate and each of Plaintiffs' respective past and present, direct and indirect, parent entities, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and assigns, in their capacities as such, and anyone who can claim through any of them, fully, finally, and forever release, relinquish, and discharge, with prejudice, all Settled Claims against the Willis Defendants and the Willis Released Parties. Further pursuant to the provisions of Paragraph 38 of the Willis Settlement Agreement, as of the Settlement Effective Date, each of the Willis Defendants, including, without limitation, the Willis Defendants'

Exhibit D

respective past and present, direct and indirect, parent entities, subsidiaries, affiliates, heirs, executors, administrators, predecessors, successors and assigns, in their capacities as such, and anyone who can claim through any of them, fully, finally, and forever release, relinquish, and discharge, with prejudice, all Settled Claims against Plaintiffs, the Plaintiffs Released Parties, and each of the other Willis Defendants.

9.      Notwithstanding anything to the contrary in this Final Judgment and Bar Order, the foregoing releases do not release the Parties' rights and obligations under the Willis Settlement or the Willis Settlement Agreement or bar the Parties from seeking to enforce or effectuate the terms of the Willis Settlement or the Willis Settlement Agreement. Further, the foregoing releases do not bar or release any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents.

10.      The Court hereby permanently bars, restrains and enjoins the Receiver, the Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the Willis Defendants or any of the Willis Released Parties, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity

FINAL JUDGMENT AND BAR ORDER                 8

**Exhibit D**

whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the Troice Litigation; the Other Willis Litigation; or the subject matter of this case, the Troice Litigation, the Other Willis Litigation or any Settled Claim. The foregoing specifically includes, but is not limited to, any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any Plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any Plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties retain the right to sue for alleged breaches of the Willis Settlement Agreement.

11.     Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Willis Settlement or payment of the Settlement Amount by or on behalf of the Willis Defendants and the Willis Released Parties; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in other litigation; provided for the avoidance of doubt that nothing in this

FINAL JUDGMENT AND BAR ORDER          9

**Exhibit D**

paragraph shall be interpreted to permit or authorize (x) any action or claim seeking to recover any monetary or other relief from any of the Willis Defendants or the Willis Released Parties, or (y) the commencement, assertion or continuation of any action or claim against any of the Willis Defendants or the Willis Released Parties, including any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon any of the Willis Defendants or Willis Released Parties.

12.     The Willis Defendants and the Willis Released Parties have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Willis Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the Willis Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Willis Settlement or the Willis Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel or modify the Willis Settlement, the Willis Settlement Agreement or this Final Judgment and Bar Order.

13.     Nothing in this Final Judgment and Bar Order or the Willis Settlement Agreement and no aspect of the Willis Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the Parties with regard to any of the

**Exhibit D**

complaints, claims, allegations or defenses in this case, the Troice Litigation, the Other Willis Litigation, or any other proceeding. The Willis Defendants have always denied and continue to expressly deny any liability or wrongdoing with respect to the matters alleged in the complaints in this case, the Troice Litigation, the Other Willis Litigation, and any other claims related to the Stanford Entities.

14.     Willis NA is hereby ordered to deliver or cause to be delivered the Settlement Amount ($120 million) as described in Paragraph 25 of the Willis Settlement Agreement. Further, the Parties are ordered to act in conformity with all other provisions of the Willis Settlement Agreement.

15.     Without in any way affecting the finality of this Final Judgment and Bar Order, the Court retains continuing and exclusive jurisdiction over the Parties for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Willis Settlement, the Willis Settlement Agreement, the Scheduling Order, and this Final Judgment and Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Willis Settlement, the Willis Settlement Agreement, the Distribution Plan, and any payment of attorneys' fees and expenses to Plaintiffs' counsel.

16.     The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Final Judgment and Bar Order as to the Willis Defendants, which is both final and appealable as to the Willis Defendants, and immediate entry by the Clerk of the Court as to the Willis Defendants is expressly directed.

**Exhibit D**

17.     This Final Judgment and Bar Order shall be served by counsel for the Plaintiffs, via email, first class mail or international delivery service, on any person or entity that filed an objection to approval of the Willis Settlement, the Willis Settlement Agreement, or this Final Bar Order.

18.     All relief as to the Willis Defendants that is not expressly granted herein, other than Plaintiffs' request for approval of Plaintiffs' attorneys' fees, which will be addressed by a separate order, is denied. This is a final judgment. The Clerk of the Court is directed to enter Judgment as to the Willis Defendants in conformity herewith.

Signed on _____, 2016

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

**Exhibit D**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SALVADOR CASANOVA, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 3:10-CV-1862-N-BL |
| v. | § | |
| | § | |
| WILLIS OF COLORADO, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

### FINAL JUDGMENT AND BAR ORDER

By Order entered _____, 2016 (the "Final Bar Order"), this Court approved a proposed settlement (the "Willis Settlement") among and between Ralph S. Janvey, the Receiver for the Stanford Receivership Estate in *SEC v. Stanford International Bank, Ltd., et al.,* Civil Action No. 3:09-CV-0298-N (the "SEC Action") and a plaintiff in *Janvey, et al. v. Willis of Colorado Inc., et al.,* Civil Action No. 3:13-cv-03980-N-BG (the "Janvey Litigation"); the Court-appointed Official Stanford Investors Committee (the "Committee") as a party to the SEC Action and a plaintiff in the Janvey Litigation; and Samuel Troice, Martha Diaz, Paula Gilly-Flores, Punga Punga Financial, Ltd., Manuel Canabal, Daniel Gomez Ferreiro and Promotora Villa Marino, C.A. (collectively, the "Investor Plaintiffs"), plaintiffs in the Janvey Litigation (Messrs. Troice and Canabal only) and in *Troice, et al. v. Willis of Colorado Inc., et al.,* Civil Action No. 3:09-cv-01274-L (the "Troice Litigation");[1] and the Willis Defendants.[2] The Court-

---

[1] The Receiver, the Committee, and the Investor Plaintiffs are referred to collectively as the "Troice-Janvey Plaintiffs."

[2] The "Willis Defendants" refers, collectively, to Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), Willis Limited, Willis North America Inc. ("Willis NA"), Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky.

WEIL:\95819880\1\81181.0008

**Exhibit D-1**

appointed Examiner signed the Willis Settlement Agreement[3] as chair of the Committee, and as Examiner solely to evidence his support and approval of the Willis Settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the Willis Settlement, the Janvey Litigation, or the Troice Litigation.

## I.    INTRODUCTION

The SEC Action, the Troice Litigation, the Janvey Litigation, and this case all arise from a series of events relating to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [SEC Action ECF No. 10]. After years of diligent investigation, the Troice-Janvey Plaintiffs believe that they have identified claims against a number of third parties, including the Willis Defendants, that the Troice-Janvey Plaintiffs claim enabled the Stanford Ponzi scheme. The Troice-Janvey Plaintiffs and the plaintiffs in this action allege, *inter alia*, that certain of the Willis Defendants aided and abetted the Stanford Ponzi scheme. In addition, in the Janvey Litigation, the Receiver and the Committee allege, *inter alia*, that certain of the Willis Defendants aided, abetted or participated in breaches of fiduciary duty, aided, abetted or participated in a fraudulent scheme, and aided, abetted or participated in fraudulent transfers. The Willis Defendants have always denied and continue to expressly deny any and all allegations of wrongdoing.

Lengthy, multiparty negotiations led to the Willis Settlement. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs,

---

[3] The "Willis Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Willis, to Approve the Proposed Notice of Settlement with Willis, to Enter the Bar Order, and to Enter the Final Judgment and Bar Orders (the "Motion") filed in the SEC Action and the Janvey Litigation.

**Exhibit D-1**

the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" [SEC Action ECF No. 1149]—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" [SEC Action ECF No. 322]—all participated in the extensive, arm's-length negotiations that ultimately resulted in the Willis Settlement and the Willis Settlement Agreement. The parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips on March 31, 2016, and the parties executed the Willis Settlement Agreement on August __, 2016.

Under the terms of the Willis Settlement, Willis NA will pay $120,000,000 to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the Willis Defendants seek global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. Obtaining such global peace is a critical and material component of the Settlement. Accordingly, the Willis Settlement is conditioned on, among other things, the Court's approval and entry of final bar orders enjoining any Person from asserting, maintaining or prosecuting claims against any of the Willis Defendants or any of the Willis Released Parties.

**Exhibit D-1**

On _____, 2016, the Troice-Janvey Plaintiffs filed the Motion in the SEC Action

and the Janvey Litigation. [SEC Action ECF No. ____; Janvey Action ECF No. ____]. The

Court thereafter entered a Scheduling Order on _____, 2016 [SEC Action ECF No. ____;

Janvey Action ECF No. ____], which, *inter alia*, authorized the Receiver to provide Notice of

the Willis Settlement, established a briefing schedule on the Motion, and set the date for a

hearing. On _____, 2016, the Court held the scheduled hearing. For the reasons set forth in

the Final Bar Order and herein, the Court finds that the terms of the Willis Settlement Agreement

are adequate, fair, reasonable, and equitable; and the Court approves the Willis Settlement. The

Court further finds that entry of this Final Judgment and Bar Order is appropriate.

**II.    ORDER**

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.    Terms used in this Final Judgment and Bar Order that are defined in the Willis

Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in

the Willis Settlement Agreement.

2.    The Court has "broad powers and wide discretion to determine the appropriate

relief in [this] equity receivership," including the authority to enter the Final Bar Order. *SEC v.*

*Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted); *see also SEC v.*

*Parish*, 2010 WL 8347143 (D.S.C. Feb. 10, 2010). Moreover, the Court has jurisdiction over the

subject matter of this action, and the Troice-Janvey Plaintiffs are proper parties to seek entry of

this Final Judgment and Bar Order.

3.    The Court finds that the methodology, form, content and dissemination of the

Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii)

constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances,

to apprise all Interested Parties of the Willis Settlement, the Willis Settlement Agreement, the

releases therein, and the injunctions provided for in this Final Judgment and Bar Order, the Final

Bar Order to be entered in the SEC Action, and the Final Judgment and Bar Orders to be entered

in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court);[4]

(iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the

right to object to the Willis Settlement, the Willis Settlement Agreement, this Final Judgment

and Bar Order, the Final Bar Order to be entered in the SEC Action, and the Final Judgment and

Bar Orders to be entered in the Janvey Litigation and the Other Willis Litigation (to the extent

pending before the Court), and to appear at the Final Approval Hearing; (v) were reasonable and

constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law,

including, without limitation, the Federal Rules of Civil Procedure, the United States

---

[4] The "Other Willis Litigation" is defined in the Willis Settlement Agreement to include the 11 additional actions (including this action) relating to the same subject matter as the Troice Litigation and the Janvey Litigation: (i) *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-22085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida; (ii) *Rupert v. Winter, et al.*, Case No. 20090C116137, filed on September 14, 2009 in Texas state court (Bexar County); (iii) *Casanova v. Willis of Colorado, Inc., et al.*, C.A. No. 3:10-CV-1862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas; (iv) *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County); (v) *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County); (vi) *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County); (vii) *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County); (viii) *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County); (ix) *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County); (x) *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County); and (xi) *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County).

**Exhibit D-1**

Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.      The Court finds that the Willis Settlement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the Willis Defendants contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that the Troice-Janvey Plaintiffs and the plaintiffs herein may not ultimately prevail on their claims. By the same token, it is clear that the Willis Defendants would never agree to the terms of the Willis Settlement unless they were assured of global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. The injunction against such claims is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Willis Settlement. *See Kaleta*, 530 F. App'x at 362 (entering bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding); *Parish*, 2010 WL 8347143 (similar).

5.      Pursuant to the Willis Settlement Agreement and upon motion by the Receiver in the SEC Action, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the Willis Settlement to Stanford Investors who have claims approved by the Receiver. The Court finds that the Receiver's claims process and the

**Exhibit D-1**

Distribution Plan contemplated in the Willis Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court (SEC Action ECF No. 1584).

6.      Accordingly, the Court finds that the Willis Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against any of the Willis Defendants and any of the Willis Released Parties, the Stanford Entities or the Receivership Estate, including but not limited to the plaintiffs in this action, the Troice-Janvey Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee.

7.      The Court hereby permanently bars, restrains and enjoins the plaintiffs in this action, the Receiver, the Troice-Janvey Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the Willis Defendants or any of the Willis Released Parties, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the Troice Litigation; the Janvey Litigation; the Other Willis Litigation; or the subject matter of this case, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation or any Settled Claim. The

**Exhibit D-1**

foregoing specifically includes, but is not limited to, any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties to the Willis Settlement Agreement retain the right to sue for alleged breaches of the Willis Settlement Agreement.

8.      Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Willis Settlement or payment of the Settlement Amount by or on behalf of the Willis Defendants and the Willis Released Parties; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in other litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize (x) any action or claim seeking to recover any monetary or other relief from any of the Willis Defendants or any of the Willis Released

**Exhibit D-1**

Parties, or (y) the commencement, assertion or continuation of any action or claim against any of the Willis Defendants or any of the Willis Released Parties, including any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon any of the Willis Defendants or any of the Willis Released Parties.

9.     The Willis Defendants and the Willis Released Parties have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Willis Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the Willis Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Willis Settlement or the Willis Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel or modify the Willis Settlement, the Willis Settlement Agreement or this Final Judgment and Bar Order.

10.     Nothing in this Final Judgment and Bar Order, the Final Bar Order or the Willis Settlement Agreement and no aspect of the Willis Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the parties with regard to any of the complaints, claims, allegations or defenses in this action, the Troice Litigation, the

Janvey Litigation, the Other Willis Litigation, or any other proceeding. The Willis Defendants have always denied and continue to expressly deny any liability or wrongdoing with respect to the matters alleged in the complaints in this action, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, and any other claims related to the Stanford Entities.

11.     Without in any way affecting the finality of this Final Judgment and Bar Order, the Court retains continuing and exclusive jurisdiction over the parties to this action for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Willis Settlement, the Willis Settlement Agreement, the Scheduling Order, the Final Bar Order and this Final Judgment and Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Willis Settlement, the Willis Settlement Agreement, and the Distribution Plan.

12.     The Court expressly finds and determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for any delay in the entry of this Final Judgment and Bar Order as to the Willis Defendants, which is both final and appealable as to the Willis Defendants, and immediate entry by the Clerk of the Court as to the Willis Defendants is expressly directed.

13.     All relief as to the Willis Defendants that is not expressly granted herein is denied. This is a final judgment. The Clerk of the Court is directed to enter Judgment as to the Willis Defendants in conformity herewith.

Signed on _____, 2016

 

 

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

FINAL JUDGMENT AND BAR ORDER                    10

**Exhibit D-1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNA LORENA NUILA DE GADALAMARIA, ET AL., | § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO. 3:13-cv-02572-N |
| v. | § § | |
| WILLIS GROUP HOLDINGS PUBLIC LIMITED COMPANY, ET AL., | § § § | |
| Defendants. | § § | |

## FINAL JUDGMENT AND BAR ORDER

By Order entered _____, 2016 (the "Final Bar Order"), this Court approved a proposed settlement (the "Willis Settlement") among and between Ralph S. Janvey, the Receiver for the Stanford Receivership Estate in *SEC v. Stanford International Bank, Ltd., et al.*, Civil Action No. 3:09-CV-0298-N (the "SEC Action") and a plaintiff in *Janvey, et al. v. Willis of Colorado Inc., et al.*, Civil Action No. 3:13-cv-03980-N-BG (the "Janvey Litigation"); the Court-appointed Official Stanford Investors Committee (the "Committee") as a party to the SEC Action and a plaintiff in the Janvey Litigation; and Samuel Troice, Martha Diaz, Paula Gilly-Flores, Punga Punga Financial, Ltd., Manuel Canabal, Daniel Gomez Ferreiro and Promotora Villa Marino, C.A. (collectively, the "Investor Plaintiffs"), plaintiffs in the Janvey Litigation (Messrs. Troice and Canabal only) and in *Troice, et al. v. Willis of Colorado Inc., et al.*, Civil Action No. 3:09-cv-01274-L (the "Troice Litigation");[1] and the Willis Defendants.[2] The Court-

---

[1] The Receiver, the Committee, and the Investor Plaintiffs are referred to collectively as the "Troice-Janvey Plaintiffs."

**Exhibit D-2**

appointed Examiner signed the Willis Settlement Agreement[3] as chair of the Committee, and as Examiner solely to evidence his support and approval of the Willis Settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the Willis Settlement, the Janvey Litigation, or the Troice Litigation.

## I.   INTRODUCTION

The SEC Action, the Troice Litigation, the Janvey Litigation, and this case all arise from a series of events relating to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [SEC Action ECF No. 10]. After years of diligent investigation, the Troice-Janvey Plaintiffs believe that they have identified claims against a number of third parties, including the Willis Defendants, that the Troice-Janvey Plaintiffs claim enabled the Stanford Ponzi scheme. The Troice-Janvey Plaintiffs and the plaintiffs in this action allege, *inter alia*, that certain of the Willis Defendants aided and abetted the Stanford Ponzi scheme. In addition, in the Janvey Litigation, the Receiver and the Committee allege, *inter alia*, that certain of the Willis Defendants aided, abetted or participated in breaches of fiduciary duty, aided, abetted or participated in a fraudulent scheme, and aided, abetted or participated in fraudulent transfers. The Willis Defendants have always denied and continue to expressly deny any and all allegations of wrongdoing.

---

[2] The "Willis Defendants" refers, collectively, to Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), Willis Limited, Willis North America Inc. ("Willis NA"), Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky.

[3] The "Willis Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Willis, to Approve the Proposed Notice of Settlement with Willis, to Enter the Bar Order, and to Enter the Final Judgment and Bar Orders (the "Motion") filed in the SEC Action and the Janvey Litigation.

**Exhibit D-2**

Lengthy, multiparty negotiations led to the Willis Settlement. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs, the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" [SEC Action ECF No. 1149]—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" [SEC Action ECF No. 322]—all participated in the extensive, arm's-length negotiations that ultimately resulted in the Willis Settlement and the Willis Settlement Agreement. The parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips on March 31, 2016, and the parties executed the Willis Settlement Agreement on August __, 2016.

Under the terms of the Willis Settlement, Willis NA will pay $120,000,000 to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the Willis Defendants seek global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. Obtaining such global peace is a critical and material component of the Settlement. Accordingly, the Willis Settlement is conditioned on, among other things, the Court's approval and entry of final bar

Exhibit D-2

orders enjoining any Person from asserting, maintaining or prosecuting claims against any of the Willis Defendants or any of the Willis Released Parties.

On _____, 2016, the Troice-Janvey Plaintiffs filed the Motion in the SEC Action and the Janvey Litigation. [SEC Action ECF No. ____; Janvey Action ECF No. ____]. The Court thereafter entered a Scheduling Order on _____, 2016 [SEC Action ECF No. ____; Janvey Action ECF No. ____], which, *inter alia*, authorized the Receiver to provide Notice of the Willis Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On _____, 2016, the Court held the scheduled hearing. For the reasons set forth in the Final Bar Order and herein, the Court finds that the terms of the Willis Settlement Agreement are adequate, fair, reasonable, and equitable; and the Court approves the Willis Settlement. The Court further finds that entry of this Final Judgment and Bar Order is appropriate.

## II.    ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.    Terms used in this Final Judgment and Bar Order that are defined in the Willis Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Willis Settlement Agreement.

2.    The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Final Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted); *see also SEC v. Parish*, 2010 WL 8347143 (D.S.C. Feb. 10, 2010). Moreover, the Court has jurisdiction over the subject matter of this action, and the Troice-Janvey Plaintiffs are proper parties to seek entry of this Final Judgment and Bar Order.

**Exhibit D-2**

3.     The Court finds that the methodology, form, content and dissemination of the

Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii)

constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances,

to apprise all Interested Parties of the Willis Settlement, the Willis Settlement Agreement, the

releases therein, and the injunctions provided for in this Final Judgment and Bar Order, the Final

Bar Order to be entered in the SEC Action, and the Final Judgment and Bar Orders to be entered

in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court);[4]

(iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the

right to object to the Willis Settlement, the Willis Settlement Agreement, this Final Judgment

and Bar Order, the Final Bar Order to be entered in the SEC Action, and the Final Judgment and

Bar Orders to be entered in the Janvey Litigation and the Other Willis Litigation (to the extent

pending before the Court), and to appear at the Final Approval Hearing; (v) were reasonable and

---

[4] The "Other Willis Litigation" is defined in the Willis Settlement Agreement to include the 11 additional actions (including this action) relating to the same subject matter as the Troice Litigation and the Janvey Litigation: (i) *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-22085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida; (ii) *Rupert v. Winter, et al.*, Case No. 20090C116137, filed on September 14, 2009 in Texas state court (Bexar County); (iii) *Casanova v. Willis of Colorado, Inc., et al.*, C.A. No. 3:10-CV-1862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas; (iv) *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County); (v) *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County); (vi) *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County); (vii) *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County); (viii) *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County); (ix) *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County); (x) *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County); and (xi) *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County).

---

Exhibit D-2

constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.      The Court finds that the Willis Settlement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the Willis Defendants contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that the Troice-Janvey Plaintiffs and the plaintiffs herein may not ultimately prevail on their claims. By the same token, it is clear that the Willis Defendants would never agree to the terms of the Willis Settlement unless they were assured of global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. The injunction against such claims is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Willis Settlement. *See Kaleta*, 530 F. App'x at 362 (entering bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding); *Parish*, 2010 WL 8347143 (similar).

5.      Pursuant to the Willis Settlement Agreement and upon motion by the Receiver in the SEC Action, this Court will approve a Distribution Plan that will fairly and reasonably

**Exhibit D-2**

distribute the net proceeds of the Willis Settlement to Stanford Investors who have claims approved by the Receiver. The Court finds that the Receiver's claims process and the Distribution Plan contemplated in the Willis Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court (SEC Action ECF No. 1584).

6.     Accordingly, the Court finds that the Willis Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against any of the Willis Defendants and any of the Willis Released Parties, the Stanford Entities or the Receivership Estate, including but not limited to the plaintiffs in this action, the Troice-Janvey Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee.

7.     The Court hereby permanently bars, restrains and enjoins the plaintiffs in this action, the Receiver, the Troice-Janvey Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the Willis Defendants or any of the Willis Released Parties, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the Troice

Litigation; the Janvey Litigation; the Other Willis Litigation; or the subject matter of this case, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation or any Settled Claim. The foregoing specifically includes, but is not limited to, any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties to the Willis Settlement Agreement retain the right to sue for alleged breaches of the Willis Settlement Agreement.

8.      Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Willis Settlement or payment of the Settlement Amount by or on behalf of the Willis Defendants and the Willis Released Parties; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in other litigation; provided for the avoidance of doubt that nothing in this

**Exhibit D-2**

paragraph shall be interpreted to permit or authorize (x) any action or claim seeking to recover any monetary or other relief from any of the Willis Defendants or any of the Willis Released Parties, or (y) the commencement, assertion or continuation of any action or claim against any of the Willis Defendants or any of the Willis Released Parties, including any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon any of the Willis Defendants or any of the Willis Released Parties.

9.     The Willis Defendants and the Willis Released Parties have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Willis Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the Willis Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Willis Settlement or the Willis Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel or modify the Willis Settlement, the Willis Settlement Agreement or this Final Judgment and Bar Order.

10.     Nothing in this Final Judgment and Bar Order, the Final Bar Order or the Willis Settlement Agreement and no aspect of the Willis Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault,

liability or wrongdoing, or of any infirmity in the claims or defenses of the parties with regard to any of the complaints, claims, allegations or defenses in this action, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, or any other proceeding. The Willis Defendants have always denied and continue to expressly deny any liability or wrongdoing with respect to the matters alleged in the complaints in this action, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, and any other claims related to the Stanford Entities.

11.     Without in any way affecting the finality of this Final Judgment and Bar Order, the Court retains continuing and exclusive jurisdiction over the parties to this action for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Willis Settlement, the Willis Settlement Agreement, the Scheduling Order, the Final Bar Order and this Final Judgment and Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Willis Settlement, the Willis Settlement Agreement, and the Distribution Plan.

12.     All relief that is not expressly granted herein is denied. This is a final judgment. The Clerk of the Court is directed to enter Judgment in conformity herewith.


Signed on _____, 2016


                                     _____
                                     DAVID C. GODBEY
                                     UNITED STATES DISTRICT JUDGE

**Exhibit D-2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

REINALDO RANNI, individually and on behalf   §
of a class of all others similarly situated,   §
  §
                   Plaintiffs,   §
  §   CIVIL ACTION NO. 3:09-cv-02042-N-BG
v.   §
  §
WILLIS OF COLORADO, INC., ET AL.,   §
  §
              Defendants.   §

## FINAL JUDGMENT AND BAR ORDER

By Order entered _____, 2016 (the "Final Bar Order"), this Court approved

a proposed settlement (the "Willis Settlement") among and between Ralph S. Janvey, the

Receiver for the Stanford Receivership Estate in *SEC v. Stanford International Bank, Ltd., et al.*,

Civil Action No. 3:09-CV-0298-N (the "SEC Action") and a plaintiff in *Janvey, et al. v. Willis of*

*Colorado Inc., et al.*, Civil Action No. 3:13-cv-03980-N-BG (the "Janvey Litigation"); the

Court-appointed Official Stanford Investors Committee (the "Committee") as a party to the SEC

Action and a plaintiff in the Janvey Litigation; and Samuel Troice, Martha Diaz, Paula Gilly-

Flores, Punga Punga Financial, Ltd., Manuel Canabal, Daniel Gomez Ferreiro and Promotora

Villa Marino, C.A. (collectively, the "Investor Plaintiffs"), plaintiffs in the Janvey Litigation

(Messrs. Troice and Canabal only) and in *Troice, et al. v. Willis of Colorado Inc., et al.*, Civil

Action No. 3:09-cv-01274-L (the "Troice Litigation");[1] and the Willis Defendants.[2] The Court-

---

[1] The Receiver, the Committee, and the Investor Plaintiffs are referred to collectively as the "Troice-Janvey Plaintiffs."

[2] The "Willis Defendants" refers, collectively, to Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), Willis Limited, Willis North America Inc. ("Willis NA"), Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky.

**Exhibit D-3**

appointed Examiner signed the Willis Settlement Agreement[3] as chair of the Committee, and as Examiner solely to evidence his support and approval of the Willis Settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the Willis Settlement, the Janvey Litigation, or the Troice Litigation.

## I.    INTRODUCTION

The SEC Action, the Troice Litigation, the Janvey Litigation, and this case all arise from a series of events relating to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [SEC Action ECF No. 10]. After years of diligent investigation, the Troice-Janvey Plaintiffs believe that they have identified claims against a number of third parties, including the Willis Defendants, that the Troice-Janvey Plaintiffs claim enabled the Stanford Ponzi scheme. The Troice-Janvey Plaintiffs and the plaintiffs in this action allege, *inter alia*, that certain of the Willis Defendants aided and abetted the Stanford Ponzi scheme. In addition, in the Janvey Litigation, the Receiver and the Committee allege, *inter alia*, that certain of the Willis Defendants aided, abetted or participated in breaches of fiduciary duty, aided, abetted or participated in a fraudulent scheme, and aided, abetted or participated in fraudulent transfers. The Willis Defendants have always denied and continue to expressly deny any and all allegations of wrongdoing.

Lengthy, multiparty negotiations led to the Willis Settlement. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs,

---

[3] The "Willis Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Willis, to Approve the Proposed Notice of Settlement with Willis, to Enter the Bar Order, and to Enter the Final Judgment and Bar Orders (the "Motion") filed in the SEC Action and the Janvey Litigation.

**Exhibit D-3**

the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" [SEC Action ECF No. 1149]—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" [SEC Action ECF No. 322]—all participated in the extensive, arm's-length negotiations that ultimately resulted in the Willis Settlement and the Willis Settlement Agreement. The parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips on March 31, 2016, and the parties executed the Willis Settlement Agreement on August __, 2016.

Under the terms of the Willis Settlement, Willis NA will pay $120,000,000 to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the Willis Defendants seek global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. Obtaining such global peace is a critical and material component of the Settlement. Accordingly, the Willis Settlement is conditioned on, among other things, the Court's approval and entry of final bar orders enjoining any Person from asserting, maintaining or prosecuting claims against any of the Willis Defendants or any of the Willis Released Parties.

**Exhibit D-3**

On _____ __, 2016, the Troice-Janvey Plaintiffs filed the Motion in the SEC Action and the Janvey Litigation. [SEC Action ECF No. ____; Janvey Action ECF No. ____]. The Court thereafter entered a Scheduling Order on _____, 2016 [SEC Action ECF No. ____; Janvey Action ECF No. ____], which, *inter alia*, authorized the Receiver to provide Notice of the Willis Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On _____, 2016, the Court held the scheduled hearing. For the reasons set forth in the Final Bar Order and herein, the Court finds that the terms of the Willis Settlement Agreement are adequate, fair, reasonable, and equitable; and the Court approves the Willis Settlement. The Court further finds that entry of this Final Judgment and Bar Order is appropriate.

## II.   ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.     Terms used in this Final Judgment and Bar Order that are defined in the Willis Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Willis Settlement Agreement.

2.     The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Final Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted); *see also SEC v. Parish*, 2010 WL 8347143 (D.S.C. Feb. 10, 2010). Moreover, the Court has jurisdiction over the subject matter of this action, and the Troice-Janvey Plaintiffs are proper parties to seek entry of this Final Judgment and Bar Order.

3.     The Court finds that the methodology, form, content and dissemination of the Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii)

**Exhibit D-3**

constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances,

to apprise all Interested Parties of the Willis Settlement, the Willis Settlement Agreement, the

releases therein, and the injunctions provided for in this Final Judgment and Bar Order, the Final

Bar Order to be entered in the SEC Action, and the Final Judgment and Bar Orders to be entered

in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court);[4]

(iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the

right to object to the Willis Settlement, the Willis Settlement Agreement, this Final Judgment

and Bar Order, the Final Bar Order to be entered in the SEC Action, and the Final Judgment and

Bar Orders to be entered in the Janvey Litigation and the Other Willis Litigation (to the extent

pending before the Court), and to appear at the Final Approval Hearing; (v) were reasonable and

constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law,

including, without limitation, the Federal Rules of Civil Procedure, the United States

---

[4] The "Other Willis Litigation" is defined in the Willis Settlement Agreement to include the 11 additional actions (including this action) relating to the same subject matter as the Troice Litigation and the Janvey Litigation: (i) *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-22085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida; (ii) *Rupert v. Winter, et al.*, Case No. 20090C116137, filed on September 14, 2009 in Texas state court (Bexar County); (iii) *Casanova v. Willis of Colorado, Inc., et al.*, C.A. No. 3:10-CV-1862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas; (iv) *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County); (v) *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County); (vi) *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County); (vii) *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County); (viii) *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County); (ix) *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County); (x) *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County); and (xi) *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County).

**Exhibit D-3**

Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.     The Court finds that the Willis Settlement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the Willis Defendants contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that the Troice-Janvey Plaintiffs and the plaintiffs herein may not ultimately prevail on their claims. By the same token, it is clear that the Willis Defendants would never agree to the terms of the Willis Settlement unless they were assured of global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. The injunction against such claims is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Willis Settlement. *See Kaleta*, 530 F. App'x at 362 (entering bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding); *Parish*, 2010 WL 8347143 (similar).

5.     Pursuant to the Willis Settlement Agreement and upon motion by the Receiver in the SEC Action, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the Willis Settlement to Stanford Investors who have claims approved by the Receiver. The Court finds that the Receiver's claims process and the

**Exhibit D-3**

Distribution Plan contemplated in the Willis Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court (SEC Action ECF No. 1584).

6.      Accordingly, the Court finds that the Willis Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against any of the Willis Defendants and any of the Willis Released Parties, the Stanford Entities or the Receivership Estate, including but not limited to the plaintiffs in this action, the Troice-Janvey Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee.

7.      The Court hereby permanently bars, restrains and enjoins the plaintiffs in this action, the Receiver, the Troice-Janvey Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the Willis Defendants or any of the Willis Released Parties, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the Troice Litigation; the Janvey Litigation; the Other Willis Litigation; or the subject matter of this case, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation or any Settled Claim. The

**Exhibit D-3**

foregoing specifically includes, but is not limited to, any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties to the Willis Settlement Agreement retain the right to sue for alleged breaches of the Willis Settlement Agreement.

8.      Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Willis Settlement or payment of the Settlement Amount by or on behalf of the Willis Defendants and the Willis Released Parties; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in other litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize (x) any action or claim seeking to recover any monetary or other relief from any of the Willis Defendants or any of the Willis Released

**Exhibit D-3**

Parties, or (y) the commencement, assertion or continuation of any action or claim against any of the Willis Defendants or any of the Willis Released Parties, including any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon any of the Willis Defendants or any of the Willis Released Parties.

9.      The Willis Defendants and the Willis Released Parties have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Willis Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the Willis Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Willis Settlement or the Willis Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel or modify the Willis Settlement, the Willis Settlement Agreement or this Final Judgment and Bar Order.

10.      Nothing in this Final Judgment and Bar Order, the Final Bar Order or the Willis Settlement Agreement and no aspect of the Willis Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the parties with regard to any of the complaints, claims, allegations or defenses in this action, the Troice Litigation, the

Janvey Litigation, the Other Willis Litigation, or any other proceeding. The Willis Defendants have always denied and continue to expressly deny any liability or wrongdoing with respect to the matters alleged in the complaints in this action, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, and any other claims related to the Stanford Entities.

11.     Without in any way affecting the finality of this Final Judgment and Bar Order, the Court retains continuing and exclusive jurisdiction over the parties to this action for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Willis Settlement, the Willis Settlement Agreement, the Scheduling Order, the Final Bar Order and this Final Judgment and Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Willis Settlement, the Willis Settlement Agreement, and the Distribution Plan.

12.     All relief that is not expressly granted herein is denied. This is a final judgment. The Clerk of the Court is directed to enter Judgment in conformity herewith.

Signed on _____, 2016

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

**Exhibit D-3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS TISMINESKY, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION No. 3:13-cv-02573-N |
| v. | § | |
| | § | |
| WILLIS GROUP HOLDINGS PUBLIC | § | |
| LIMITED COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT AND BAR ORDER

By Order entered _____, 2016 (the "Final Bar Order"), this Court approved

a proposed settlement (the "Willis Settlement") among and between Ralph S. Janvey, the

Receiver for the Stanford Receivership Estate in *SEC v. Stanford International Bank, Ltd., et al.*,

Civil Action No. 3:09-CV-0298-N (the "SEC Action") and a plaintiff in *Janvey, et al. v. Willis of*

*Colorado Inc., et al.*, Civil Action No. 3:13-cv-03980-N-BG (the "Janvey Litigation"); the

Court-appointed Official Stanford Investors Committee (the "Committee") as a party to the SEC

Action and a plaintiff in the Janvey Litigation; and Samuel Troice, Martha Diaz, Paula Gilly-

Flores, Punga Punga Financial, Ltd., Manuel Canabal, Daniel Gomez Ferreiro and Promotora

Villa Marino, C.A. (collectively, the "Investor Plaintiffs"), plaintiffs in the Janvey Litigation

(Messrs. Troice and Canabal only) and in *Troice, et al. v. Willis of Colorado Inc., et al.*, Civil

Action No. 3:09-cv-01274-L (the "Troice Litigation");[1] and the Willis Defendants.[2] The Court-

---

[1] The Receiver, the Committee, and the Investor Plaintiffs are referred to collectively as the "Troice-Janvey Plaintiffs."

[2] The "Willis Defendants" refers, collectively, to Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), Willis Limited, Willis North America Inc. ("Willis NA"), Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky.

**Exhibit D-4**

appointed Examiner signed the Willis Settlement Agreement[3] as chair of the Committee, and as Examiner solely to evidence his support and approval of the Willis Settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the Willis Settlement, the Janvey Litigation, or the Troice Litigation.

## I.   INTRODUCTION

The SEC Action, the Troice Litigation, the Janvey Litigation, and this case all arise from a series of events relating to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [SEC Action ECF No. 10]. After years of diligent investigation, the Troice-Janvey Plaintiffs believe that they have identified claims against a number of third parties, including the Willis Defendants, that the Troice-Janvey Plaintiffs claim enabled the Stanford Ponzi scheme. The Troice-Janvey Plaintiffs and the plaintiffs in this action allege, *inter alia*, that certain of the Willis Defendants aided and abetted the Stanford Ponzi scheme. In addition, in the Janvey Litigation, the Receiver and the Committee allege, *inter alia*, that certain of the Willis Defendants aided, abetted or participated in breaches of fiduciary duty, aided, abetted or participated in a fraudulent scheme, and aided, abetted or participated in fraudulent transfers. The Willis Defendants have always denied and continue to expressly deny any and all allegations of wrongdoing.

Lengthy, multiparty negotiations led to the Willis Settlement. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs,

---

[3] The "Willis Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Willis, to Approve the Proposed Notice of Settlement with Willis, to Enter the Bar Order, and to Enter the Final Judgment and Bar Orders (the "Motion") filed in the SEC Action and the Janvey Litigation.

**Exhibit D-4**

the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" [SEC Action ECF No. 1149]—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" [SEC Action ECF No. 322]—all participated in the extensive, arm's-length negotiations that ultimately resulted in the Willis Settlement and the Willis Settlement Agreement. The parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips on March 31, 2016, and the parties executed the Willis Settlement Agreement on August __, 2016.

Under the terms of the Willis Settlement, Willis NA will pay $120,000,000 to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the Willis Defendants seek global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. Obtaining such global peace is a critical and material component of the Settlement. Accordingly, the Willis Settlement is conditioned on, among other things, the Court's approval and entry of final bar orders enjoining any Person from asserting, maintaining or prosecuting claims against any of the Willis Defendants or any of the Willis Released Parties.

**Exhibit D-4**

On _____ __, 2016, the Troice-Janvey Plaintiffs filed the Motion in the SEC Action and the Janvey Litigation. [SEC Action ECF No. ____; Janvey Action ECF No. ____]. The Court thereafter entered a Scheduling Order on _____, 2016 [SEC Action ECF No. ____; Janvey Action ECF No. ____], which, *inter alia*, authorized the Receiver to provide Notice of the Willis Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On _____, 2016, the Court held the scheduled hearing. For the reasons set forth in the Final Bar Order and herein, the Court finds that the terms of the Willis Settlement Agreement are adequate, fair, reasonable, and equitable; and the Court approves the Willis Settlement. The Court further finds that entry of this Final Judgment and Bar Order is appropriate.

## II.     ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.      Terms used in this Final Judgment and Bar Order that are defined in the Willis Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Willis Settlement Agreement.

2.      The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Final Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted); *see also SEC v. Parish*, 2010 WL 8347143 (D.S.C. Feb. 10, 2010). Moreover, the Court has jurisdiction over the subject matter of this action, and the Troice-Janvey Plaintiffs are proper parties to seek entry of this Final Judgment and Bar Order.

3.      The Court finds that the methodology, form, content and dissemination of the Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii)

constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the Willis Settlement, the Willis Settlement Agreement, the releases therein, and the injunctions provided for in this Final Judgment and Bar Order, the Final Bar Order to be entered in the SEC Action, and the Final Judgment and Bar Orders to be entered in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court);[4] (iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Willis Settlement, the Willis Settlement Agreement, this Final Judgment and Bar Order, the Final Bar Order to be entered in the SEC Action, and the Final Judgment and Bar Orders to be entered in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court), and to appear at the Final Approval Hearing; (v) were reasonable and constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law, including, without limitation, the Federal Rules of Civil Procedure, the United States

---

[4] The "Other Willis Litigation" is defined in the Willis Settlement Agreement to include the 11 additional actions (including this action) relating to the same subject matter as the Troice Litigation and the Janvey Litigation: (i) *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-22085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida; (ii) *Rupert v. Winter, et al.*, Case No. 2009OC116137, filed on September 14, 2009 in Texas state court (Bexar County); (iii) *Casanova v. Willis of Colorado, Inc., et al.*, C.A. No. 3:10-CV-1862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas; (iv) *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County); (v) *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County); (vi) *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County); (vii) *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County); (viii) *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County); (ix) *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County); (x) *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County); and (xi) *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County).

**Exhibit D-4**

Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.      The Court finds that the Willis Settlement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the Willis Defendants contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that the Troice-Janvey Plaintiffs and the plaintiffs herein may not ultimately prevail on their claims. By the same token, it is clear that the Willis Defendants would never agree to the terms of the Willis Settlement unless they were assured of global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. The injunction against such claims is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Willis Settlement. *See Kaleta*, 530 F. App'x at 362 (entering bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding); *Parish*, 2010 WL 8347143 (similar).

5.      Pursuant to the Willis Settlement Agreement and upon motion by the Receiver in the SEC Action, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the Willis Settlement to Stanford Investors who have claims approved by the Receiver. The Court finds that the Receiver's claims process and the

**Exhibit D-4**

Distribution Plan contemplated in the Willis Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court (SEC Action ECF No. 1584).

6.      Accordingly, the Court finds that the Willis Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against any of the Willis Defendants and any of the Willis Released Parties, the Stanford Entities or the Receivership Estate, including but not limited to the plaintiffs in this action, the Troice-Janvey Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee.

7.      The Court hereby permanently bars, restrains and enjoins the plaintiffs in this action, the Receiver, the Troice-Janvey Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the Willis Defendants or any of the Willis Released Parties, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the Troice Litigation; the Janvey Litigation; the Other Willis Litigation; or the subject matter of this case, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation or any Settled Claim. The

**Exhibit D-4**

foregoing specifically includes, but is not limited to, any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties to the Willis Settlement Agreement retain the right to sue for alleged breaches of the Willis Settlement Agreement.

8.      Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Willis Settlement or payment of the Settlement Amount by or on behalf of the Willis Defendants and the Willis Released Parties; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in other litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize (x) any action or claim seeking to recover any monetary or other relief from any of the Willis Defendants or any of the Willis Released

FINAL JUDGMENT AND BAR ORDER          8

**Exhibit D-4**

Parties, or (y) the commencement, assertion or continuation of any action or claim against any of the Willis Defendants or any of the Willis Released Parties, including any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon any of the Willis Defendants or any of the Willis Released Parties.

9.      The Willis Defendants and the Willis Released Parties have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Willis Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the Willis Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Willis Settlement or the Willis Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel or modify the Willis Settlement, the Willis Settlement Agreement or this Final Judgment and Bar Order.

10.      Nothing in this Final Judgment and Bar Order, the Final Bar Order or the Willis Settlement Agreement and no aspect of the Willis Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the parties with regard to any of the complaints, claims, allegations or defenses in this action, the Troice Litigation, the

Janvey Litigation, the Other Willis Litigation, or any other proceeding. The Willis Defendants have always denied and continue to expressly deny any liability or wrongdoing with respect to the matters alleged in the complaints in this action, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, and any other claims related to the Stanford Entities.

11.     Without in any way affecting the finality of this Final Judgment and Bar Order, the Court retains continuing and exclusive jurisdiction over the parties to this action for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Willis Settlement, the Willis Settlement Agreement, the Scheduling Order, the Final Bar Order and this Final Judgment and Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Willis Settlement, the Willis Settlement Agreement, and the Distribution Plan.

12.     All relief that is not expressly granted herein is denied. This is a final judgment. The Clerk of the Court is directed to enter Judgment in conformity herewith.


Signed on _____, 2016


                                        _____
                                        DAVID C. GODBEY
                                        UNITED STATES DISTRICT JUDGE

**Exhibit D-4**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO JUBIS ZACARIAS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 3:13-cv-02570-N |
| v. | § | |
| | § | |
| WILLIS GROUP HOLDINGS PUBLIC | § | |
| LIMITED COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT AND BAR ORDER

By Order entered _____, 2016 (the "Final Bar Order"), this Court approved

a proposed settlement (the "Willis Settlement") among and between Ralph S. Janvey, the

Receiver for the Stanford Receivership Estate in *SEC v. Stanford International Bank, Ltd., et al.*,

Civil Action No. 3:09-CV-0298-N (the "SEC Action") and a plaintiff in *Janvey, et al. v. Willis of*

*Colorado Inc., et al.*, Civil Action No. 3:13-cv-03980-N-BG (the "Janvey Litigation"); the

Court-appointed Official Stanford Investors Committee (the "Committee") as a party to the SEC

Action and a plaintiff in the Janvey Litigation; and Samuel Troice, Martha Diaz, Paula Gilly-

Flores, Punga Punga Financial, Ltd., Manuel Canabal, Daniel Gomez Ferreiro and Promotora

Villa Marino, C.A. (collectively, the "Investor Plaintiffs"), plaintiffs in the Janvey Litigation

(Messrs. Troice and Canabal only) and in *Troice, et al. v. Willis of Colorado Inc., et al.*, Civil

Action No. 3:09-cv-01274-L (the "Troice Litigation");[1] and the Willis Defendants.[2] The Court-

---

[1] The Receiver, the Committee, and the Investor Plaintiffs are referred to collectively as the "Troice-Janvey Plaintiffs."

[2] The "Willis Defendants" refers, collectively, to Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), Willis Limited, Willis North America Inc. ("Willis NA"), Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky.

**Exhibit D-5**

appointed Examiner signed the Willis Settlement Agreement[3] as chair of the Committee, and as Examiner solely to evidence his support and approval of the Willis Settlement and to confirm his obligations to post the Notice on his website, but is not otherwise individually a party to the Willis Settlement, the Janvey Litigation, or the Troice Litigation.

## I.   INTRODUCTION

The SEC Action, the Troice Litigation, the Janvey Litigation, and this case all arise from a series of events relating to the collapse of Stanford International Bank, Ltd. ("SIBL"). On February 16, 2009, this Court appointed Ralph S. Janvey to be the Receiver for SIBL and related parties (the "Stanford Entities"). [SEC Action ECF No. 10]. After years of diligent investigation, the Troice-Janvey Plaintiffs believe that they have identified claims against a number of third parties, including the Willis Defendants, that the Troice-Janvey Plaintiffs claim enabled the Stanford Ponzi scheme. The Troice-Janvey Plaintiffs and the plaintiffs in this action allege, *inter alia*, that certain of the Willis Defendants aided and abetted the Stanford Ponzi scheme. In addition, in the Janvey Litigation, the Receiver and the Committee allege, *inter alia*, that certain of the Willis Defendants aided, abetted or participated in breaches of fiduciary duty, aided, abetted or participated in a fraudulent scheme, and aided, abetted or participated in fraudulent transfers. The Willis Defendants have always denied and continue to expressly deny any and all allegations of wrongdoing.

Lengthy, multiparty negotiations led to the Willis Settlement. In these negotiations, potential victims of the Stanford Ponzi scheme were well-represented. The Investor Plaintiffs,

---

[3] The "Willis Settlement Agreement" refers to the Settlement Agreement that is attached as Exhibit 1 of the Appendix to the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Willis, to Approve the Proposed Notice of Settlement with Willis, to Enter the Bar Order, and to Enter the Final Judgment and Bar Orders (the "Motion") filed in the SEC Action and the Janvey Litigation.

**Exhibit D-5**

the Committee—which the Court appointed to "represent[] in this case and related matters" the "customers of SIBL who, as of February 16, 2009, had funds on deposit at SIBL and/or were holding certificates of deposit issued by SIBL (the 'Stanford Investors')" [SEC Action ECF No. 1149]—the Receiver, and the Examiner—who the Court appointed to advocate on behalf of "investors in any financial products, accounts, vehicles or ventures sponsored, promoted or sold by any Defendant in this action" [SEC Action ECF No. 322]—all participated in the extensive, arm's-length negotiations that ultimately resulted in the Willis Settlement and the Willis Settlement Agreement. The parties reached an agreement-in-principle at a mediation with the retired Honorable Layn R. Phillips on March 31, 2016, and the parties executed the Willis Settlement Agreement on August __, 2016.

Under the terms of the Willis Settlement, Willis NA will pay $120,000,000 to the Receivership Estate, which (less attorneys' fees and expenses) will be distributed to Stanford Investors. In return, the Willis Defendants seek global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. Obtaining such global peace is a critical and material component of the Settlement. Accordingly, the Willis Settlement is conditioned on, among other things, the Court's approval and entry of final bar orders enjoining any Person from asserting, maintaining or prosecuting claims against any of the Willis Defendants or any of the Willis Released Parties.

**Exhibit D-5**

On _____ __, 2016, the Troice-Janvey Plaintiffs filed the Motion in the SEC Action and the Janvey Litigation. [SEC Action ECF No. ____; Janvey Action ECF No. ____]. The Court thereafter entered a Scheduling Order on _____, 2016 [SEC Action ECF No. ____; Janvey Action ECF No. ____], which, *inter alia*, authorized the Receiver to provide Notice of the Willis Settlement, established a briefing schedule on the Motion, and set the date for a hearing. On _____, 2016, the Court held the scheduled hearing. For the reasons set forth in the Final Bar Order and herein, the Court finds that the terms of the Willis Settlement Agreement are adequate, fair, reasonable, and equitable; and the Court approves the Willis Settlement. The Court further finds that entry of this Final Judgment and Bar Order is appropriate.

## II.    ORDER

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.    Terms used in this Final Judgment and Bar Order that are defined in the Willis Settlement Agreement, unless expressly otherwise defined herein, have the same meaning as in the Willis Settlement Agreement.

2.    The Court has "broad powers and wide discretion to determine the appropriate relief in [this] equity receivership," including the authority to enter the Final Bar Order. *SEC v. Kaleta*, 530 F. App'x 360, 362 (5th Cir. 2013) (internal quotations omitted); *see also SEC v. Parish*, 2010 WL 8347143 (D.S.C. Feb. 10, 2010). Moreover, the Court has jurisdiction over the subject matter of this action, and the Troice-Janvey Plaintiffs are proper parties to seek entry of this Final Judgment and Bar Order.

3.    The Court finds that the methodology, form, content and dissemination of the Notice: (i) were implemented in accordance with the requirements of the Scheduling Order; (ii)

**Exhibit D-5**

constituted the best practicable notice; (iii) were reasonably calculated, under the circumstances,

to apprise all Interested Parties of the Willis Settlement, the Willis Settlement Agreement, the

releases therein, and the injunctions provided for in this Final Judgment and Bar Order, the Final

Bar Order to be entered in the SEC Action, and the Final Judgment and Bar Orders to be entered

in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court);[4]

(iv) were reasonably calculated, under the circumstances, to apprise all Interested Parties of the

right to object to the Willis Settlement, the Willis Settlement Agreement, this Final Judgment

and Bar Order, the Final Bar Order to be entered in the SEC Action, and the Final Judgment and

Bar Orders to be entered in the Janvey Litigation and the Other Willis Litigation (to the extent

pending before the Court), and to appear at the Final Approval Hearing; (v) were reasonable and

constituted due, adequate, and sufficient notice; (vi) met all applicable requirements of law,

including, without limitation, the Federal Rules of Civil Procedure, the United States

---

[4] The "Other Willis Litigation" is defined in the Willis Settlement Agreement to include the 11 additional actions (including this action) relating to the same subject matter as the Troice Litigation and the Janvey Litigation: (i) *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-22085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida; (ii) *Rupert v. Winter, et al.*, Case No. 20090C116137, filed on September 14, 2009 in Texas state court (Bexar County); (iii) *Casanova v. Willis of Colorado, Inc., et al.*, C.A. No. 3:10-CV-1862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas; (iv) *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County); (v) *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County); (vi) *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County); (vii) *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County); (viii) *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County); (ix) *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County); (x) *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County); and (xi) *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County).

**Exhibit D-5**

Constitution (including Due Process), and the Rules of the Court; and (vii) provided to all Persons a full and fair opportunity to be heard on these matters.

4.      The Court finds that the Willis Settlement was reached following an extensive investigation of the facts and resulted from vigorous, good faith, arm's-length, mediated negotiations involving experienced and competent counsel. The claims asserted against the Willis Defendants contain complex and novel issues of law and fact that would require a substantial amount of time and expense to litigate, with a significant risk that the Troice-Janvey Plaintiffs and the plaintiffs herein may not ultimately prevail on their claims. By the same token, it is clear that the Willis Defendants would never agree to the terms of the Willis Settlement unless they were assured of global peace with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising out of or related to the events leading to these proceedings, and with respect to all claims that have been, could have been, or could be asserted against any of the Willis Defendants and any of the Willis Released Parties by any Person arising from or related to the Willis Defendants' relationship with the Stanford Entities. The injunction against such claims is therefore a necessary and appropriate order ancillary to the relief obtained for victims of the Stanford Ponzi scheme pursuant to the Willis Settlement. *See Kaleta*, 530 F. App'x at 362 (entering bar order and injunction against investor claims as "ancillary relief" to a settlement in an SEC receivership proceeding); *Parish*, 2010 WL 8347143 (similar).

5.      Pursuant to the Willis Settlement Agreement and upon motion by the Receiver in the SEC Action, this Court will approve a Distribution Plan that will fairly and reasonably distribute the net proceeds of the Willis Settlement to Stanford Investors who have claims approved by the Receiver. The Court finds that the Receiver's claims process and the

**Exhibit D-5**

Distribution Plan contemplated in the Willis Settlement Agreement have been designed to ensure that all Stanford Investors have received an opportunity to pursue their claims through the Receiver's claims process previously approved by the Court (SEC Action ECF No. 1584).

6.      Accordingly, the Court finds that the Willis Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of all Persons claiming an interest in, having authority over, or asserting a claim against any of the Willis Defendants and any of the Willis Released Parties, the Stanford Entities or the Receivership Estate, including but not limited to the plaintiffs in this action, the Troice-Janvey Plaintiffs, the Claimants, the Stanford Investors, the Interested Parties, the Receiver, and the Committee.

7.      The Court hereby permanently bars, restrains and enjoins the plaintiffs in this action, the Receiver, the Troice-Janvey Plaintiffs, the Claimants, the Interested Parties, and all other Persons or entities, whether acting in concert with the foregoing or claiming by, through, or under the foregoing, or otherwise, all and individually, from directly, indirectly, or through a third party, instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, or otherwise prosecuting, against any of the Willis Defendants or any of the Willis Released Parties, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any Forum, whether individually, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever, that in any way relates to, is based upon, arises from, or is connected with the Stanford Entities; this case; the Troice Litigation; the Janvey Litigation; the Other Willis Litigation; or the subject matter of this case, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation or any Settled Claim. The

FINAL JUDGMENT AND BAR ORDER                    7

**Exhibit D-5**

foregoing specifically includes, but is not limited to, any claim, however denominated, seeking contribution, indemnity, damages, or other remedy where the alleged injury to such Person, entity, or Interested Party, or the claim asserted by such Person, entity, or Interested Party, is based upon such Person's, entity's, or Interested Party's liability to any plaintiff, Claimant, or Interested Party arising out of, relating to, or based in whole or in part upon money owed, demanded, requested, offered, paid, agreed to be paid, or required to be paid to any plaintiff, Claimant, Interested Party, or other Person or entity, whether pursuant to a demand, judgment, claim, agreement, settlement or otherwise. Notwithstanding the foregoing, there shall be no bar of any claims, including but not limited to the Settled Claims, that any of the Willis Defendants may have against any Willis Released Party (other than any of the other Willis Defendants), including but not limited to its insurers, reinsurers, employees and agents. Further, the Parties to the Willis Settlement Agreement retain the right to sue for alleged breaches of the Willis Settlement Agreement.

8.      Nothing in this Final Judgment and Bar Order shall impair or affect or be construed to impair or affect in any way whatsoever, any right of any Person, entity, or Interested Party to (a) claim a credit or offset, however determined or quantified, if and to the extent provided by any applicable statute, code, or rule of law, against any judgment amount, based upon the Willis Settlement or payment of the Settlement Amount by or on behalf of the Willis Defendants and the Willis Released Parties; (b) designate a "responsible third party" or "settling person" under Chapter 33 of the Texas Civil Practice and Remedies Code; or (c) take discovery under applicable rules in other litigation; provided for the avoidance of doubt that nothing in this paragraph shall be interpreted to permit or authorize (x) any action or claim seeking to recover any monetary or other relief from any of the Willis Defendants or any of the Willis Released

Exhibit D-5

Parties, or (y) the commencement, assertion or continuation of any action or claim against any of the Willis Defendants or any of the Willis Released Parties, including any action or claim seeking to impose any liability of any kind (including but not limited to liability for contribution, indemnification or otherwise) upon any of the Willis Defendants or any of the Willis Released Parties.

9.      The Willis Defendants and the Willis Released Parties have no responsibility, obligation, or liability whatsoever with respect to the cost associated with or the content of the Notice; the notice process; the Distribution Plan; the implementation of the Distribution Plan; the administration of the Willis Settlement; the management, investment, disbursement, allocation, or other administration or oversight of the Settlement Amount, any other funds paid or received in connection with the Willis Settlement, or any portion thereof; the payment or withholding of Taxes; the determination, administration, calculation, review, or challenge of claims to the Settlement Amount, any portion of the Settlement Amount, or any other funds paid or received in connection with the Willis Settlement or the Willis Settlement Agreement; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters. No appeal, challenge, decision, or other matter concerning any subject set forth in this paragraph shall operate to terminate, cancel or modify the Willis Settlement, the Willis Settlement Agreement or this Final Judgment and Bar Order.

10.     Nothing in this Final Judgment and Bar Order, the Final Bar Order or the Willis Settlement Agreement and no aspect of the Willis Settlement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability or wrongdoing, or of any infirmity in the claims or defenses of the parties with regard to any of the complaints, claims, allegations or defenses in this action, the Troice Litigation, the

Janvey Litigation, the Other Willis Litigation, or any other proceeding. The Willis Defendants have always denied and continue to expressly deny any liability or wrongdoing with respect to the matters alleged in the complaints in this action, the Troice Litigation, the Janvey Litigation, the Other Willis Litigation, and any other claims related to the Stanford Entities.

11.     Without in any way affecting the finality of this Final Judgment and Bar Order, the Court retains continuing and exclusive jurisdiction over the parties to this action for purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Willis Settlement, the Willis Settlement Agreement, the Scheduling Order, the Final Bar Order and this Final Judgment and Bar Order, including, without limitation, the injunctions, bar orders, and releases herein, and to enter orders concerning implementation of the Willis Settlement, the Willis Settlement Agreement, and the Distribution Plan.

12.     All relief that is not expressly granted herein is denied. This is a final judgment. The Clerk of the Court is directed to enter Judgment in conformity herewith.


Signed on _____, 2016


_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

Exhibit D-5

**Receivership Entities**

| | |
|---|---|
| 16NE Huntingdon, LLC | International Fixed Income Stanford Fund, Ltd. |
| 20/20 Ltd. | The Island Club, LLC |
| Antigua Athletic Club Limited | The Islands Club, Ltd. |
| The Antigua Sun Limited | JS Development, LLC |
| Apartment Household, Inc. | Maiden Island Holdings Ltd. |
| Asian Village Antigua Limited | Miller Golf Company, L.L.C. |
| Bank of Antigua Limited | Parque Cristal Ltd. |
| Boardwalk Revitalization, LLC | Pelican Island Properties Limited |
| Buckingham Investments A.V.V. | Pershore Investments S.A. |
| Caribbean Aircraft Leasing (BVI) Limited | Polygon Commodities A.V.V. |
| Caribbean Airlines Services Limited | Porpoise Industries Limited |
| Caribbean Airlines Services, Inc. | Productos y Servicios Stanford, C.A. |
| Caribbean Star Airlines Holdings Limited | R. Allen Stanford, LLC |
| Caribbean Star Airlines Limited | Robust Eagle Limited |
| Caribbean Sun Airlines Holdings, Inc. | Sea Eagle Limited |
| Casuarina 20 LLC | Sea Hare Limited |
| Christiansted Downtown Holdings, LLC | SFG Majestic Holdings, LLC |
| Crayford Limited | SG Ltd. |
| Cuckfield Investments Limited | SGV Asesores C.A. |
| Datcom Resources, Inc. | SGV Ltd. |
| Devinhouse, Ltd. | Stanford 20*20, LLC |
| Deygart Holdings Limited | Stanford 20/20 Inc. |
| Foreign Corporate Holdings Limited | Stanford Acquisition Corporation |
| Guardian International Investment Services No. One, Inc. | Stanford Aerospace Limited |
| Guardian International Investment Services No. Three, Inc. | Stanford Agency, Ltd. [Louisiana][1] |
| Guardian International Investment Services No. Two, Inc. | Stanford Agency, Inc. [Texas] |
| Guardian One, Ltd. | Stanford Agresiva S.A. de C.V. |

---

[1] Locations in brackets are included to differentiate between legal entities with the same name but different locations or other identifying information.

**EXHIBIT E**

| | |
|---|---|
| Guardian Three, Ltd. | Stanford Aircraft, LLC |
| Guardian Two, Ltd. | Stanford American Samoa Holding Limited |
| Guiana Island Holdings Limited | Stanford Aviation 5555, LLC |
| Harbor Key Corp. | Stanford Aviation II, LLC |
| Harbor Key Corp. II | Stanford Aviation III, LLC |
| Idea Advertising Group, Inc. | Stanford Aviation Limited |
| Stanford Bank Holdings Limited | Stanford Aviation LLC |
| Stanford Bank, S.A. Banco Comercial | Stanford Bank (Panama), S.A.[2] |
| Stanford Capital Management, LLC | Stanford Galleria Buildings Management, LLC |
| Stanford Caribbean Investments, LLC | Stanford Gallows Bay Holdings, LLC |
| Stanford Caribbean Regional Management Holdings, LLC | Stanford Global Advisory, LLC |
| Stanford Caribbean, LLC | Stanford Group (Antigua) Limited |
| Stanford Casa de Valores, S.A. | Stanford Group (Suisse) AG |
| Stanford Cobertura, S.A. de C.V. | Stanford Group Aruba, N.V. |
| Stanford Coins & Bullion, Inc. | Stanford Group Bolivia |
| The Stanford Condominium Owners' Association, Inc. | Stanford Group Casa de Valores, S.A. |
| Stanford Corporate Holdings International, Inc. | Stanford Group Company |
| Stanford Corporate Services (BVI) Limited | Stanford Group Company Limited |
| Stanford Corporate Services (Venezuela), C.A. | Stanford Group Holdings, Inc. |
| Stanford Corporate Services, Inc. | Stanford Group Mexico, S.A. de C.V. |
| Stanford Corporate Ventures (BVI) Limited | Stanford Group Peru, S.A., Sociedad Agente de Bolsa |
| Stanford Corporate Ventures, LLC | Stanford Group Venezuela Asesores de Inversion, C.A. |
| Stanford Crecimiento Balanceado, S.A. de C.V. | Stanford Group Venezuela, C.A. |
| Stanford Crecimiento, S.A. de C.V. | Stanford Holdings Venezuela, C.A. |
| Stanford Development Company (Grenada) Ltd. | Stanford International Bank Holdings Limited |

---

[2] Locations in parentheses are included in the legal name of an entity or other identifying information.

| | |
|---|---|
| Stanford Development Company Limited | Stanford International Bank Limited |
| Stanford Development Corporation | Stanford International Holdings (Panama) S.A. |
| Stanford Eagle, LLC | Stanford International Management Ltd. |
| Stanford Family Office, LLC | Stanford International Resort Holdings, LLC |
| The Stanford Financial Group Building, Inc. | Stanford Investment Advisory Services, Inc. |
| Stanford Financial Group Company | Stanford Leasing Company, Inc. |
| Stanford Financial Group Global Management, LLC | Stanford Management Holdings, Ltd. |
| Stanford Financial Group (Holdings) Limited | Stanford Real Estate Acquisition, LLC |
| Stanford Financial Group Limited | Stanford S.A. Comisionista de Bolsa |
| Stanford Financial Group Ltd. | Stanford Services Ecuador, S.A. |
| Stanford Financial Partners Advisors, LLC | Stanford South Shore Holdings, LLC |
| Stanford Financial Partners Holdings, LLC | Stanford Sports & Entertainment Holdings, LLC |
| Stanford Financial Partners Securities, LLC | Stanford St. Croix Marina Operations, LLC |
| Stanford Financial Partners, Inc. | Stanford St. Croix Resort Holdings, LLC |
| Stanford Fondos, S.A. de C.V. | Stanford St. Croix Security, LLC |
| The Stanford Galleria Buildings, LP | Stanford Trust Company |
| Stanford Trust Holdings Limited | Stanford Trust Company Administradora de Fondos y Fideicomisos S.A. |
| Stanford Venture Capital Holdings, Inc. | Stanford Trust Company Limited |
| The Sticky Wicket Limited | Torre Oeste Ltd. |
| Sun Printing & Publishing Limited | Torre Senza Nome Venezuela, C.A. |
| Sun Printing Limited | Trail Partners, LLC |
| | Two Islands One Club (Grenada) Ltd. |
| | Two Islands One Club Holdings Ltd. |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-cv-0298-N |
| STANFORD INTERNATIONAL BANK, LTD., et al., | § § § | |
| Defendants. | § § | |
| RALPH S. JANVEY, et al. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:13-cv-03980-N |
| WILLIS OF COLORADO INC., et al. | § § | |
| Defendants. | § | |

## SCHEDULING ORDER

This matter is before the Court on (a) the Expedited Request for Entry of Scheduling

Order and Motion to Approve Proposed Settlement with the Willis Defendants, to Enter the Bar

Order, and to Enter the Final Judgment and Bar Orders filed by Ralph S. Janvey (the

"Receiver"), as Receiver for the Receivership Estate in *SEC v. Stanford International Bank, Ltd.*,

No. 3:09-CV-0298-N (N.D. Tex.) (the "SEC Action"), and the Official Stanford Investors

Committee (the "Committee"), as a party to the SEC Action and, along with the Receiver, as a

plaintiff in *Janvey v. Willis of Colorado Inc.*, No. 3:13-CV-03980-N (N.D. Tex.) (the "Janvey

Litigation"), and Samuel Troice, Martha Diaz, Paula Gilly Flores, Punga Punga Financial, Ltd.,

Manual Canabal, Daniel Gomez and Promontora Villa Marina, C.A., on behalf of a putative

**EXHIBIT F**

class of Stanford investors (collectively, the "Investor Plaintiffs"),[1] as plaintiffs in *Troice v. Willis of Colorado, Inc.*, No. 3:09-cv-01274-L (N.D. Tex. (the "Troice Litigation") [SEC Action, ECF No. __; Janvey Litigation, ECF No. ___ (the "Scheduling/Approval Motion").], and (b) Plaintiffs' Motion for an Award of Attorneys' Fees in Connection with the Settlements with Willis and BMB Defendants. [SEC Action, ECF No.____; Janvey Litigation, ECF No. _____ (the "Attorneys' Fees Motion")].[2] The Motions concern a proposed settlement (the "Settlement") among and between, on the one hand, the Receiver; the Committee; the Court-appointed Examiner, John J. Little (the "Examiner");[3] and the Investor Plaintiffs; and, on the other hand, the Willis Defendants[4] as defendants in the Janvey Litigation and the Troice Litigation. Capitalized terms not otherwise defined in this order shall have the meaning assigned to them in the settlement agreement attached as Exhibit 1 to the appendix accompanying the Scheduling/Approval Motion (the "Settlement Agreement").

In the Scheduling/Approval Motion, the Plaintiffs seek the Court's approval of the terms of the Settlement, including entry of a final bar order in the SEC Action (the "Bar Order"), and entry of final judgment and bar orders in the Janvey Litigation and all other actions filed against any of the Willis Defendants that are pending before the Court and that relate to the same subject matter as the Janvey Litigation and the Troice Litigation[5] (the "Judgments and Bar Orders").

---

[1] The Receiver, the Committee and the Investor Plaintiffs are collectively referred to herein as "Plaintiffs."

[2] The Scheduling/Approval Motion and the Attorneys' Fees Motion are collectively referred to herein as the "Motions."

[3] The Examiner executed the Settlement Agreement to indicate his approval of the terms of the Settlement and to confirm his obligation to post Notice on his website, as required herein, but is not otherwise individually a party to the Settlement Agreement, the Janvey Litigation, or the Troice Litigation.

[4] "Willis Defendants" refers, collectively, to Willis Towers Watson Public Limited Company (f/k/a/ Willis Group Holdings Limited), Willis Limited, Willis North America, Inc., Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky.

[5] The other actions filed against the Willis Defendants that relate to the same subject matter as the Janvey Action and the Troice Action (collectively, the "Other Willis Litigation") include: (i) *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-22085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida;

After reviewing the terms of the Settlement and considering the arguments presented in the Motion, the Court preliminarily approves the Settlement as adequate, fair, reasonable, and equitable. Accordingly, the Court enters this scheduling order to: (i) provide for notice of the terms of the Settlement, including the proposed Bar Order in the SEC Action and the proposed Judgment and Bar Orders in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court); (ii) set the deadline for filing objections to the Settlement, the Bar Order, the Judgment and Bar Orders or the Attorneys' Fees Motion; (iii) set the deadline for responding to any objection so filed; and (iv) set the date of the final approval hearing regarding the Settlement, the Bar Order in the SEC Action, the Judgment and Bar Orders in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court) and the Attorneys' Fees Motion (the "Final Approval Hearing"), as follows:

1.    Preliminary Findings on Potential Approval of the Settlement: Based upon the Court's review of the terms of the Settlement Agreement, the arguments presented in the Motions, and the Motions' accompanying appendices and exhibits, the Court preliminarily finds that the Settlement is fair, reasonable, and equitable; has no obvious deficiencies; and is the product of serious, informed, good-faith, and arm's-length negotiations. The Court, however, reserves a final ruling with respect to the terms of the Settlement until after the Final Approval

(ii) *Rupert v. Winter, et al.*, Case No. 20090C116137, filed on September 14, 2009 in Texas state court (Bexar County); (iii) *Casanova v. Willis of Colorado, Inc.*, et al., C.A. No. 3:10-CV-01862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas; (iv) *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County); (v) *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County); (vi) *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County); (vii) *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County); (viii) *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County); (ix) *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County); (x) *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County); and (xi) *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County).

Hearing referenced below in Paragraph 2.

2.    Final Approval Hearing: The Final Approval Hearing will be held before the Honorable David C. Godbey of the United States District Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, in Courtroom 1505, at __:__ _.m. on _____, which is a date at least ninety (90) calendar days after entry of this Scheduling Order. The purposes of the Final Approval Hearing will be to: (i) determine whether the terms of the Settlement should be finally approved by the Court; (ii) determine whether the Bar Order attached as Exhibit C to the Settlement Agreement should be entered by the Court in the SEC Action; (iii) determine whether the Judgment and Bar Orders attached as Exhibit D to the Settlement Agreement should be entered by the Court in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court); (iv) rule upon any objections to the Settlement, the Bar Order, or the Judgment and Bar Orders; (v) rule upon the Attorneys' Fees Motion; and (vi) rule upon such other matters as the Court may deem appropriate.

3.    Notice: The Court approves the form of Notice attached as Exhibit A to the Settlement Agreement and finds that the methodology, distribution, and dissemination of Notice described in the Motion: (i) constitute the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise all Interested Parties of the Settlement, the releases therein, and the injunctions provided for in the Bar Order and the Judgment and Bar Orders; (iii) are reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Settlement, the Bar Order or the Judgment and Bar Orders, and to appear at the Final Approval Hearing; (iv) constitute due, adequate, and sufficient notice; (v) meet all requirements of applicable law, including the Federal Rules of Civil Procedure, the United States

4

Constitution (including Due Process), and the Rules of the Court; and (vi) will provide to all Persons a full and fair opportunity to be heard on these matters. The Court further approves the form of the publication Notice attached as Exhibit G to the Settlement Agreement. Therefore:

a.      The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Notice in substantially the same form attached as Exhibit A to the Settlement Agreement to be sent via electronic mail, first class mail, or international delivery service to all Claimants; to be sent via electronic service to all counsel of record for any Person who has been or is, at the time of Notice, a party in any case included in *In re Stanford Entities Securities Litigation*, MDL No. 2099 (N.D. Tex.) (the "MDL"), the SEC Action, the Troice Litigation, the Janvey Litigation or the Other Willis Litigation, who are deemed to have consented to electronic service through the Court's CM/ECF System under Local Rule CV- 5.1(d); and to be sent via facsimile transmission and/or first class mail to any other counsel of record for any other Person who has been or is, at the time of service, a party in any case included in the MDL, the SEC Action, the Troice Litigation, the Janvey Litigation, or the Other Willis Litigation.

b.      The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the notice in substantially the same form attached as Exhibit G to the Settlement Agreement to be published once in the national edition of *The Wall Street Journal* and once in the international edition of *The New York Times*.

c.      The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Settlement Agreement, the Motions, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to be posted on the Receiver's website (http://stanfordfinancialreceivership.com). The Examiner is

hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Settlement Agreement, the Motions, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to be posted on the Examiner's website (http://lpf-law.com/examiner-stanford-financial-group).

        d.     The Receiver is hereby directed promptly to provide the Settlement Agreement, the Motions, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to any Person who requests such documents via email to Margaret Hagelman, an attorney at Strasburger & Price, LLP, at margaret.hagelman@strasburger.com, or via telephone by calling Margaret Hagelman at 210-250-6001. The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

        e.     No less than ten days before the Final Approval Hearing, the Receiver shall cause to be filed with the Clerk of this Court written evidence of compliance with subparts (a) through (d) of this Paragraph, which may be in the form of an affidavit or declaration.

        4.     <u>Objections and Appearances at the Final Approval Hearing</u>: Any Person who wishes to object to the terms of the Settlement, the Bar Order, the Judgment and Bar Orders, or the Attorneys' Fees Motion, or who wishes to appear at the Final Approval Hearing, must do so by filing an objection, in writing, with the Court in the SEC Action (3:09-CV-0298-N), by ECF or by mailing the objection to the Clerk of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242, no later than [insert date of 21st day before Final Approval Hearing], 2016. All objections filed with the Court must:

        a.     contain the name, address, telephone number, and (if applicable) an email address of the Person filing the objection;

          b.        contain the name, address, telephone number, and email address of any attorney representing the Person filing the objection;

          c.        be signed by the Person filing the objection, or his or her attorney;

          d.        state, in detail, the basis for any objection;

          e.        attach any document the Court should consider in ruling on the Settlement, the Bar Order, the Judgment and Bar Orders or the Attorneys' Fees Motion; and

          f.        if the Person filing the objection wishes to appear at the Final Approval Hearing, make a request to do so.

No Person will be permitted to appear at the Final Approval Hearing without filing a written objection and request to appear at the Final Approval Hearing as set forth in subparts (a) through (f) of this paragraph. Copies of any objections filed must be served by ECF, or by email or first class mail, upon each of the following:

      T. Ray Guy
      Weil Gotshal & Manges LLP
      200 Crescent Court, Suite 300
      Dallas, TX 75201
      Telephone:     (214) 746-7872
      Facsimile:     (214) 746-7777
      Email: ray.guy@weil.com

      and

      Jonathan D. Polkes
      Joshua S. Amsel
      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York  10153-0119
      Telephone:     (212) 310-8782
      Facsimile:     (212) 310-8007
      Email: joshua.amsel@weil.com

      and

      Mark D. Manela, Esq.

Manela Law Firm
440 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:      (713) 240-4843
Facsimile:      (713) 228-6138
Email:  mmanela@manelalawfirm.com

and

Edward C. Snyder
Jesse R. Castillo
Castillo Snyder, P.C.
One Riverwalk Place
700 N. St. Mary's, Suite 405
San Antonio, Texas 78205
Telephone:      (210) 630-4200
Facsimile:      (210) 630-4210
Email: esnyder@casnlaw.com

and

David N. Kitner
Strasburger & Price LLP
901 Main Street, Suite 4400
Dallas, TX 75250-100
Telephone:      (214) 651-4300
Facsimile:      (214) 651-4330
Email: david.kitner@strasburger.com

and

Ralph S. Janvey, Esq.
Krage & Janvey, LLP
2100 Ross Avenue, Suite 2600
Dallas, Texas 75201
Telephone:      (214) 397-1912
Facsimile:      (214) 220-0230
Email: rjanvey@kjllp.com

and

Kevin M. Sadler, Esq.
Baker Botts LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007

8

Telephone:     (650) 739-7518
Facsimile:     (650) 739-7618
Email: kevin.sadler@bakerbotts.com

and

Judith R. Blakeway
Strasburger & Price, LLP
2301 Broadway
San Antonio, Texas 78215
Telephone:     (210) 250-6000
Facsimile:     (210) 250-6100
Email: judith.blakeway@strasburger.com

and

Douglas J. Buncher
Neligan Foley LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone:     (214) 840-5320
Facsimile:     (214) 840-5301
Email:         dbuncher@neliganlaw.com

and

John J. Little
Little Pedersen Fankhauser
901 Main Street, Suite 4110
Dallas, TX 75202
Telephone:     (214) 573-2307
Facsimile:     (214) 573-2323
Email:         jlittle@lpf-law.com

Any Person filing an objection shall be deemed to have submitted to the jurisdiction of this Court for all purposes of that objection, the Settlement, the Bar Order, and the Judgment and Bar Orders. Potential objectors who do not present opposition by the time and in the manner set forth above shall be deemed to have waived the right to object (including any right to appeal) and to appear at the Final Approval Hearing and shall be forever barred from raising such objections in this action or any other action or proceeding. Persons do not need to appear at the

9

Final Approval Hearing or take any other action to indicate their approval.

5.     Responses to Objections: Any Party to the Settlement may respond to an objection filed pursuant to Paragraph 4 by filing a response in the SEC Action no later than [insert date of 7th day before the Final Approval Hearing]. To the extent any Person filing an objection cannot be served by action of the Court's CM/ECF system, a response must be served to the email and/or mailing address provided by that Person.

6.     Adjustments Concerning Hearing and Deadlines: The date, time, and place for the Final Approval Hearing, and the deadlines and date requirements in this Scheduling Order, shall be subject to adjournment or change by this Court without further notice other than that which may be posted by means of ECF in the MDL, the SEC Action, the Janvey Litigation, the Troice Litigation, and the Other Willis Litigation (under their federal civil action numbers).

7.     Retention of Jurisdiction: The Court shall retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

8.     Entry of Injunction: If the Settlement is approved by the Court, the Court will enter the Bar Order in the SEC Action and the Judgment and Bar Orders in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court). If entered, each order will permanently enjoin all Persons and all Interested Parties, including Stanford Investors and Claimants, among others, from bringing, encouraging, assisting, continuing, or prosecuting Settled Claims against any of the Willis Defendants or any of the Willis Released Parties.

9.     Stay of Proceedings: The Janvey Litigation, the Troice Litigation and the Other Willis Litigation are hereby stayed as to the Willis Defendants only, except to the extent necessary to give effect to the Settlement.

10.    Use of Order: Under no circumstances shall this Scheduling Order be construed, deemed, or used as an admission, concession, or declaration by or against any of the Willis Defendants of any fault, wrongdoing, breach or liability. Nor shall the Order be construed, deemed, or used as an admission, concession, or declaration by or against Plaintiffs that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have. Neither this Scheduling Order, nor the proposed Settlement Agreement, or any other settlement document, shall be filed, offered, received in evidence, or otherwise used in these or any other actions or proceedings or in any arbitration, except to give effect to or enforce the Settlement or the terms of this Scheduling Order.

11.    Entry of This Order: This Scheduling Order shall be entered separately on the dockets in the SEC Action, the Janvey Litigation, the Troice Litigation, and the Other Willis Litigation to the extent pending before this Court (under their federal civil action numbers).

**IT IS SO ORDERED.**

Signed on _____, 2016

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

11

## Publication Notice

To be published once in the national edition of *The Wall Street Journal* and once in the international edition of *The New York Times*:

> PLEASE TAKE NOTICE that the Court-appointed Receiver for Stanford International Bank, Ltd. ("SIB"), and certain Plaintiffs, have reached an agreement to settle all claims asserted or that could have been asserted against Willis Towers Watson Public Limited Company (f/k/a Willis Group Holdings Limited), several other Willis entities, and Amy Baranoucky, a former Willis employee, relating to or in any way concerning SIB (the "Settlement Agreement"). As part of the Settlement Agreement, the Receiver and Plaintiffs have requested orders that permanently enjoin all Persons and all Interested Parties, including, without limitation, Stanford Investors (i.e., customers of SIB, who, as of February 16, 2009, had funds on deposit at SIB and/or were holding certificates of deposit issued by SIB), from bringing or maintaining any legal proceeding or cause of action arising from or relating to the Stanford Entities against any of these Willis Defendants and the Willis Released Parties, all as defined in the Settlement Agreement.
>
> Complete copies of the Settlement Agreement, the proposed bar orders, and other settlement documents are available on the Receiver's website http://www.stanfordfinancialreceivership.com. All capitalized terms not defined in this Notice are defined in the Settlement Agreement.
>
> Interested Parties may file written objections with the United States District Court for the Northern District of Texas on or before [insert date of 21st day before Final Approval Hearing].

**EXHIBIT G**