**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STANFORD INTERNATIONAL BANK, LTD., et al.,<br><br>Defendants. | § | Civil Action No. 3:09-cv-0298-N |
| RALPH S. JANVEY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>WILLIS OF COLORADO INC., et al.<br><br>Defendants. | § | Civil Action No. 3:13-cv-03980-N |

**SCHEDULING ORDER**

This matter is before the Court on (a) the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with the Willis Defendants, to Enter the Bar Order, and to Enter the Final Judgment and Bar Orders filed by Ralph S. Janvey (the "Receiver"), as Receiver for the Receivership Estate in *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex.) (the "SEC Action"), and the Official Stanford Investors Committee (the "Committee"), as a party to the SEC Action and, along with the Receiver, as a plaintiff in *Janvey v. Willis of Colorado Inc.*, No. 3:13-CV-03980-N (N.D. Tex.) (the "Janvey Litigation"), and Samuel Troice, Martha Diaz, Paula Gilly Flores, Punga Punga Financial, Ltd., Manual Canabal, Daniel Gomez and Promontora Villa Marina, C.A., on behalf of a putative

class of Stanford investors (collectively, the "Investor Plaintiffs"),[1] as plaintiffs in *Troice v. Willis of Colorado, Inc.*, No. 3:09-cv-01274-L (N.D. Tex. (the "Troice Litigation") [SEC Action, ECF No. 2369; Janvey Litigation, ECF No. 104 (the "Scheduling/Approval Motion").], and (b) Plaintiffs' Motion for an Award of Attorneys' Fees in Connection with the Settlements with Willis and BMB Defendants. [SEC Action, ECF No. 2398; Janvey Litigation, ECF No. 109 (the "Attorneys' Fees Motion")].[2] The Motions concern a proposed settlement (the "Settlement") among and between, on the one hand, the Receiver; the Committee; the Court-appointed Examiner, John J. Little (the "Examiner");[3] and the Investor Plaintiffs; and, on the other hand, the Willis Defendants[4] as defendants in the Janvey Litigation and the Troice Litigation. Capitalized terms not otherwise defined in this order shall have the meaning assigned to them in the settlement agreement attached as Exhibit 1 to the appendix accompanying the Scheduling/Approval Motion (the "Settlement Agreement").

In the Scheduling/Approval Motion, the Plaintiffs seek the Court's approval of the terms of the Settlement, including entry of a final bar order in the SEC Action (the "Bar Order"), and entry of final judgment and bar orders in the Janvey Litigation and all other actions filed against any of the Willis Defendants that are pending before the Court and that relate to the same subject matter as the Janvey Litigation and the Troice Litigation[5] (the "Judgments and Bar Orders").

---

[1] The Receiver, the Committee and the Investor Plaintiffs are collectively referred to herein as "Plaintiffs."

[2] The Scheduling/Approval Motion and the Attorneys' Fees Motion are collectively referred to herein as the "Motions."

[3] The Examiner executed the Settlement Agreement to indicate his approval of the terms of the Settlement and to confirm his obligation to post Notice on his website, as required herein, but is not otherwise individually a party to the Settlement Agreement, the Janvey Litigation, or the Troice Litigation.

[4] "Willis Defendants" refers, collectively, to Willis Towers Watson Public Limited Company (f/k/a/ Willis Group Holdings Limited), Willis Limited, Willis North America, Inc., Willis of Colorado, Inc., Willis of Texas, Inc., and Amy S. Baranoucky.

[5] The other actions filed against the Willis Defendants that relate to the same subject matter as the Janvey Action and the Troice Action (collectively, the "Other Willis Litigation") include: (i) *Ranni v. Willis of Colorado, Inc., et al.*, C.A. No. 9-22085, filed on July 17, 2009 in the United States District Court for the Southern District of Florida; (ii) *Rupert v. Winter, et al.*, Case No. 20090C116137, filed on September 14, 2009 in Texas state court (Bexar

After reviewing the terms of the Settlement and considering the arguments presented in the Motion, the Court preliminarily approves the Settlement as adequate, fair, reasonable, and equitable. Accordingly, the Court enters this scheduling order to: (i) provide for notice of the terms of the Settlement, including the proposed Bar Order in the SEC Action and the proposed Judgment and Bar Orders in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court); (ii) set the deadline for filing objections to the Settlement, the Bar Order, the Judgment and Bar Orders or the Attorneys' Fees Motion; (iii) set the deadline for responding to any objection so filed; and (iv) set the date of the final approval hearing regarding the Settlement, the Bar Order in the SEC Action, the Judgment and Bar Orders in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court) and the Attorneys' Fees Motion (the "Final Approval Hearing"), as follows:

1. Preliminary Findings on Potential Approval of the Settlement: Based upon the Court's review of the terms of the Settlement Agreement, the arguments presented in the Motions, and the Motions' accompanying appendices and exhibits, the Court preliminarily finds that the Settlement is fair, reasonable, and equitable; has no obvious deficiencies; and is the product of serious, informed, good-faith, and arm's-length negotiations. The Court, however,

County); (iii) *Casanova v. Willis of Colorado, Inc., et al.*, C.A. No. 3:10-CV-01862-O, filed on September 16, 2010 in the United States District Court for the Northern District of Texas; (iv) *Rishmague v. Winter, et al.*, Case No. 2011C12585, filed on March 11, 2011 in Texas state court (Bexar County); (v) *MacArthur v. Winter, et al.*, Case No. 2013-07840, filed on February 8, 2013 in Texas state court (Harris County); (vi) *Barbar v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05666CA27, filed on February 14, 2013 in Florida state court (Miami-Dade County); (vii) *de Gadala-Maria v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05669CA30, filed on February 14, 2013 in Florida state court (Miami-Dade County); (viii) *Ranni v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05673CA06, filed on February 14, 2013 in Florida state court (Miami-Dade County); (ix) *Tisminesky v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05676CA09, filed on February 14, 2013 in Florida state court (Miami-Dade County); (x) *Zacarias v. Willis Group Holdings Public Limited Company, et al.*, Case No. 13-05678CA11, filed on February 14, 2013 in Florida state court (Miami-Dade County); and (xi) *Martin v. Willis of Colorado, Inc., et al.*, Case No. 2016-52115, filed on August 5, 2016 in Texas state court (Harris County).

reserves a final ruling with respect to the terms of the Settlement until after the Final Approval Hearing referenced below in Paragraph 2.

2. Final Approval Hearing: The Final Approval Hearing will be held before the Honorable David C. Godbey of the United States District Court for the Northern District of Texas, United States Courthouse, 1100 Commerce Street, Dallas, Texas 75242, in Courtroom 1505, at 10:00 a.m. on Friday, January 20, 2017, which is a date at least ninety (90) calendar days after entry of this Scheduling Order. The purposes of the Final Approval Hearing will be to: (i) determine whether the terms of the Settlement should be finally approved by the Court; (ii) determine whether the Bar Order attached as Exhibit C to the Settlement Agreement should be entered by the Court in the SEC Action; (iii) determine whether the Judgment and Bar Orders attached as Exhibit D to the Settlement Agreement should be entered by the Court in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court); (iv) rule upon any objections to the Settlement, the Bar Order, or the Judgment and Bar Orders; (v) rule upon the Attorneys' Fees Motion; and (vi) rule upon such other matters as the Court may deem appropriate.

3. Notice: The Court approves the form of Notice attached as Exhibit A to the Settlement Agreement and finds that the methodology, distribution, and dissemination of Notice described in the Motion: (i) constitute the best practicable notice; (ii) are reasonably calculated, under the circumstances, to apprise all Interested Parties of the Settlement, the releases therein, and the injunctions provided for in the Bar Order and the Judgment and Bar Orders; (iii) are reasonably calculated, under the circumstances, to apprise all Interested Parties of the right to object to the Settlement, the Bar Order or the Judgment and Bar Orders, and to appear at the Final Approval Hearing; (iv) constitute due, adequate, and sufficient notice; (v) meet all

requirements of applicable law, including the Federal Rules of Civil Procedure, the United States Constitution (including Due Process), and the Rules of the Court; and (vi) will provide to all Persons a full and fair opportunity to be heard on these matters. The Court further approves the form of the publication Notice attached as Exhibit G to the Settlement Agreement. Therefore:

  a. The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Notice in substantially the same form attached as Exhibit A to the Settlement Agreement to be sent via electronic mail, first class mail, or international delivery service to all Claimants; to be sent via electronic service to all counsel of record for any Person who has been or is, at the time of Notice, a party in any case included in *In re Stanford Entities Securities Litigation*, MDL No. 2099 (N.D. Tex.) (the "MDL"), the SEC Action, the Troice Litigation, the Janvey Litigation or the Other Willis Litigation, who are deemed to have consented to electronic service through the Court's CM/ECF System under Local Rule CV- 5.l(d); and to be sent via facsimile transmission and/or first class mail to any other counsel of record for any other Person who has been or is, at the time of service, a party in any case included in the MDL, the SEC Action, the Troice Litigation, the Janvey Litigation, or the Other Willis Litigation.

  b. The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the notice in substantially the same form attached as Exhibit G to the Settlement Agreement to be published once in the national edition of *The Wall Street Journal* and once in the international edition of *The New York Times*.

  c. The Receiver is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Settlement Agreement, the Motions, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to be

posted on the Receiver's website (http://stanfordfinancialreceivership.com). The Examiner is hereby directed, no later than twenty-one (21) calendar days after entry of this Scheduling Order, to cause the Settlement Agreement, the Motions, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to be posted on the Examiner's website (http://lpf-law.com/examiner-stanford-financial-group).

d. The Receiver is hereby directed promptly to provide the Settlement Agreement, the Motions, this Scheduling Order, the Notice, and all exhibits and appendices attached to these documents, to any Person who requests such documents via email to Margaret Hagelman, an attorney at Strasburger & Price, LLP, at margaret.hagelman@strasburger.com, or via telephone by calling Margaret Hagelman at 210-250-6001. The Receiver may provide such materials in the form and manner that the Receiver deems most appropriate under the circumstances of the request.

e. No less than ten days before the Final Approval Hearing, the Receiver shall cause to be filed with the Clerk of this Court written evidence of compliance with subparts (a) through (d) of this Paragraph, which may be in the form of an affidavit or declaration.

4. Objections and Appearances at the Final Approval Hearing: Any Person who wishes to object to the terms of the Settlement, the Bar Order, the Judgment and Bar Orders, or the Attorneys' Fees Motion, or who wishes to appear at the Final Approval Hearing, must do so by filing an objection, in writing, with the Court in the SEC Action (3:09-CV-0298-N), by ECF or by mailing the objection to the Clerk of the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas 75242, no later than December 30, 2016. All objections filed with the Court must:

    a. contain the name, address, telephone number, and (if applicable) an email address of the Person filing the objection;

    b. contain the name, address, telephone number, and email address of any attorney representing the Person filing the objection;

    c. be signed by the Person filing the objection, or his or her attorney;

    d. state, in detail, the basis for any objection;

    e. attach any document the Court should consider in ruling on the Settlement, the Bar Order, the Judgment and Bar Orders or the Attorneys' Fees Motion; and

    f. if the Person filing the objection wishes to appear at the Final Approval Hearing, make a request to do so.

No Person will be permitted to appear at the Final Approval Hearing without filing a written objection and request to appear at the Final Approval Hearing as set forth in subparts (a) through (f) of this paragraph. Copies of any objections filed must be served by ECF, or by email or first class mail, upon each of the following:

 T. Ray Guy
 Weil Gotshal & Manges LLP
 200 Crescent Court, Suite 300
 Dallas, TX 75201
 Telephone: (214) 746-7872
 Facsimile: (214) 746-7777
 Email: ray.guy@weil.com

 and

 Jonathan D. Polkes
 Joshua S. Amsel
 Weil, Gotshal & Manges LLP
 767 Fifth Avenue
 New York, New York 10153-0119
 Telephone: (212) 310-8782
 Facsimile: (212) 310-8007
 Email: joshua.amsel@weil.com

and

Mark D. Manela, Esq.
Manela Law Firm
440 Louisiana, Suite 2300
Houston, Texas 77002
Telephone:     (713) 240-4843
Facsimile:     (713) 228-6138
Email:  mmanela@manelalawfirm.com

and

Edward C. Snyder
Jesse R. Castillo
Castillo Snyder, P.C.
One Riverwalk Place
700 N. St. Mary's, Suite 405
San Antonio, Texas 78205
Telephone:     (210) 630-4200
Facsimile:     (210) 630-4210
Email:  esnyder@.casnlaw.com

and

David N. Kitner
Strasburger & Price LLP
901 Main Street, Suite 4400
Dallas, TX 75250-100
Telephone:     (214) 651-4300
Facsimile:     (214) 651-4330
Email:  david.kitner@strasburger.com

and

Ralph S. Janvey, Esq.
Krage & Janvey, LLP
2100 Ross Avenue, Suite 2600
Dallas, Texas 75201
Telephone:     (214) 397-1912
Facsimile:     (214) 220-0230
Email:  rjanvey@kjllp.com

and

Kevin M. Sadler, Esq.
Baker Botts LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304-1007
Telephone: (650) 739-7518
Facsimile: (650) 739-7618
Email: kevin.sadler@bakerbotts.com

and

Judith R. Blakeway
Strasburger & Price, LLP
2301 Broadway
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100
Email: judith.blakeway@strasburger.com

and

Douglas J. Buncher
Neligan Foley LLP
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5320
Facsimile: (214) 840-5301
Email: dbuncher@neliganlaw.com

and

John J. Little
Little Pedersen Fankhauser
901 Main Street, Suite 4110
Dallas, TX 75202
Telephone: (214) 573-2307
Facsimile: (214) 573-2323
Email: jlittle@lpf-law.com

Any Person filing an objection shall be deemed to have submitted to the jurisdiction of this Court for all purposes of that objection, the Settlement, the Bar Order, and the Judgment and Bar Orders. Potential objectors who do not present opposition by the time and in the manner set forth above shall be deemed to have waived the right to object (including any right to appeal)

and to appear at the Final Approval Hearing and shall be forever barred from raising such objections in this action or any other action or proceeding. Persons do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

5. Responses to Objections: Any Party to the Settlement may respond to an objection filed pursuant to Paragraph 4 by filing a response in the SEC Action no later than January 13, 2017. To the extent any Person filing an objection cannot be served by action of the Court's CM/ECF system, a response must be served to the email and/or mailing address provided by that Person.

6. Adjustments Concerning Hearing and Deadlines: The date, time, and place for the Final Approval Hearing, and the deadlines and date requirements in this Scheduling Order, shall be subject to adjournment or change by this Court without further notice other than that which may be posted by means of ECF in the MDL, the SEC Action, the Janvey Litigation, the Troice Litigation, and the Other Willis Litigation (under their federal civil action numbers).

7. Retention of Jurisdiction: The Court shall retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

8. Entry of Injunction: If the Settlement is approved by the Court, the Court will enter the Bar Order in the SEC Action and the Judgment and Bar Orders in the Janvey Litigation and the Other Willis Litigation (to the extent pending before the Court). If entered, each order will permanently enjoin all Persons and all Interested Parties, including Stanford Investors and Claimants, among others, from bringing, encouraging, assisting, continuing, or prosecuting Settled Claims against any of the Willis Defendants or any of the Willis Released Parties.

9. Stay of Proceedings: The Janvey Litigation, the Troice Litigation and the Other Willis Litigation are hereby stayed as to the Willis Defendants only, except to the extent necessary to give effect to the Settlement.

10. Use of Order: Under no circumstances shall this Scheduling Order be construed, deemed, or used as an admission, concession, or declaration by or against any of the Willis Defendants of any fault, wrongdoing, breach or liability. Nor shall the Order be construed, deemed, or used as an admission, concession, or declaration by or against Plaintiffs that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she or it may have. Neither this Scheduling Order, nor the proposed Settlement Agreement, or any other settlement document, shall be filed, offered, received in evidence, or otherwise used in these or any other actions or proceedings or in any arbitration, except to give effect to or enforce the Settlement or the terms of this Scheduling Order.

11. Entry of This Order: This Scheduling Order shall be entered separately on the dockets in the SEC Action, the Janvey Litigation, the Troice Litigation, and the Other Willis Litigation to the extent pending before this Court (under their federal civil action numbers).

SIGNED on October 19, 2016.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE